## BAKER vs. M'DUFFIE.

A *Sheriff* is generally *concluded* by his return upon process from gainsaying its truth *collaterally;* if there be error in the return, it must be reformed by a *direct proceeding,* so that a full explanation may be given.

But he so concluded *only* when his return is set up by a party who may claim something under it; and if others rely upon it as his admission, it is but *prima facie* evidence, and may be explained.

A defendant in replevin, who puts in a claim of property and agrees that *his possession* shall be considered *the possession of the sheriff* until the claim be tried, is estopped from denying the sheriff's possession; and on demand and refusal to deliver up the property, may be proceeded against by action of replevin.

ERROR from the Albany common pleas. M'Duffie sued Baker in an action of replevin, for *detaining* certain articles of silver ware. The defendant pleaded *non detinet,* and gave notice of special matter. On the trial of the cause the plaintiff proved that he had been sheriff of the county of Albany, and whilst such sheriff a writ of replevin was issued *from the Albany mayor's court at the suit of one *Little* against [ *290 ] *Baker,* the plaintiff in error, for the same articles of silver ware claimed by him ; and that the writ was put into the hands of his under sheriff, who called upon Baker to serve it. Baker said he had the property in his house, but that it might be considered in the possession of the under sheriff, whom he desired to call a jury to try the title. A jury was summoned, who found against the claim of Baker. The writ of replevin in the suit of Little against Baker was produced, and on it was a return of the under sheriff, that he had *cau sed the property in the writ described to be replevied, and had delivered the same to the plaintiff's agent;* but the under sheriff testified that he had not seen the property until after the commencement of the suit of M'Duffie against Baker. The plaintiff proved the value of the property to be between ten and twelve dollars, and rested his cause. The counsel for the defendant moved for a nonsuit, on the ground that it was man-

ifest that the sheriff was not entitled to the possession of the property; that the *return* upon the writ of replevin, in the case of Little against Baker, was conclusive upon him, and could not be contradicted collaterally, as had been done here; and that in other respects the evidence was insufficient to maintain the action. The nonsuit was denied. The defendant offered to prove that on the trial of the action of Little against him a verdict was rendered against Little : which evidence was rejected by the judge. The jury thereupon, under the charge of the court, found a verdict for the plaintiff with six cents damages and six cents costs, and assessed the value of the property at $12. Upon which verdict judgment was entered in favor of the plaintiff. The defendant having excepted to the decision of the court, sued out a writ of error.

*J. Holmes*, for the plaintiff, urged the points raised at the trial, and in support of the conclusiveness of the return cited 11 *East*, 299 ; 2 *Phil. Ev.* 259, 391, (*Cowen's & Hill's ed.*) *Watson's Office of Sheriff*, 72 ; 7 *Law Library*, 53. He also insisted that no action would lie until after a demand and refusal.

[ *291 ]     **M. T. Reynolds*, in answer, said that the conclusiveness of a sheriff's return could be insisted upon only by a party who could claim something under it. That in this case Baker had no interest in the matter, let the sheriff return whatever he chose. As to the demand and refusal, the question was not raised in the court below.

*By the Court*, NELSON, Ch. J. It was competent for Baker to waive the regular steps necessary to seize the property under the writ of replevin, so far as he was concerned ; and, therefore, his refusal to deliver the property after the inquisition, was wrongful. Third persons would have been unaffected by the understanding, but he was concluded. A levy under a *fi. fa.* may be valid as against the defendant, without the property being in view of the officer, if assented to. 19 *Wendell*, 495 ; 11 *id.* 551. Assuming the property to have been in the possession of the deputy, under the writ agreeably to the understanding of the parties, then it is clear, Baker had no right to detain it, and on demand and refusal *trover* would have lain, 8 *Johns. R.* 548 ; 12 *id.* 403, and of course since the revised statutes *replevin* in the *detinet* lies. The return on the first writ is conclusive in that suit ; *Dalton,* 189, 190 ; *Watson on office of Sheriff*, 72 ; and generally the sheriff is concluded by his own return until amended. 1 *Lord Raym.* 184 ; *Watson,* 72. But this rule should be confined to cases where the party against whom it is sought to be impeached collaterally, derives some interest from, or under it ; otherwise there is no reason for shutting out the truth of the matter. If the right or title of a party will be prejudiced by the impeachment, then it is but reasonable that it should be reformed by a direct proceeding when a full

explanation can be given.   But even in such case, absolute  verity is not always accorded to it.   In *Bridges* v. *Walford*, 6 *M. & S.* 42, the K. B. in an action against the  sheriff, for not  selling  goods on a *venditioni  exponas*, permitted him to shew, that the defendant had become a bankrupt before the judgment, and that the plaintiff  knew it, although he had returned on the *fi. fa.* the levy, and that part of  the goods remained on  hand for want of bidders.

*Now in this case, it is no concern of the defendant below,     [ *292 ] whether the  property had  been delivered to the  plaintiff in the first writ or not ;  the  fact was in no possible  aspect of  that case  material to him.   After the caption, the  deliverance was a mere question  between the officer and the plaintiff,  to which the  defendant was as indifferent as a  stranger.   The return was competent proof for him as it would be for a stranger, and *prima facie* shewed title out of  the sheriff, it being his solemn admission of the fact, but it  was subject to any  explanation that could  be given, the same as if the defendant had  been a stranger to the first suit.   The rules of evidence should be liberally expounded in furtherance of truth which should never be  shut out, except for substantial reasons, and to promote the ends of justice.   The sheriff is  entitled to recover the  full value of the property. The action is for the benefit of the plaintiff in the first suit, who has given a bond for its return, and upon which he stands liable for the value, in case he fail in his action, although there has been no deliverance  of it to him.   The fruits of  this recovery constitute his only indemnity, and if he should succeed in that suit, which  was for a *tortious  taking*, he gets no more than what is here recovered.   The property is supposed  to have  been  delivered to him, and no value is assessed for the purpose of  recovering its amount.

The defendant offered to show, by  way  of defence or in  mitigation, that he had succeeded in the first suit, but the  proof was excluded, and properly so.   The very offer shows that the plaintiff  had become liable to the  defendant on the  replevin bond, and therefore entitled to the full value of the property in this suit.   I concede, had  the offer gone further, so as to have shown that a *retorno  habendo* had  been issued, and the articles re-delivered as a satisfaction, instead of  an assessment and resort to the bond, it would have been admissible in mitigation, for then in no event could the plaintiff there be further liable for the property  or its value.

The case discloses an  extraordinary dispute about a very small matter, and affords a  striking instance of the spirit *of litigation ;    [ *293 ] but I cannot  say  that this  suit was unnecessary.   The sheriff might undoubtedly have  pursued the property and taken it on the first writ, if it could have been found.   It was probably  placed beyond his reach, and hence the  necessity of  resorting to a legal remedy.

A demand was doubtless necessary  in order to maintain the  suit ;  but no such objection was taken at the trial, and therefore is not to be noticed here.

Judgment affirmed.