## PRICE, ET AL. v. CLOUD.

1. The omission, in a notice to a sheriff, of a rule for failing to pay over monies collected on an execution, to state a *day certain* upon which the money was demanded from him, is not an error which can be reached by demurrer. It is suf-

Price, et al. v. Cloud.

ficient if the notice shows the demand was made after the collection, and before the notice.

2. Pleas to a motion against a sheriff and his sureties, for failing to pay over money collected on an execution, are bad, when they assume a return of satisfaction, and assert that the return is a mistake.

3. Any plea *by a surety*, in such a case, is bad, which attempts to deny the liability of the principal on behalf and in the name of the surety. When the sheriff is a party, the defence, with respect to his liability, must be carried on in his name.

4. When a bond is alleged to have been delivered as an *escrow*, and the evidence has no tendency to show that the condition of the delivery was communicated or known to the person to whom the delivery is made, the evidence may be rejected.

5. When there is a return of satisfaction to an execution, it is not competent for sureties of the sheriff to show, as a defence, that no money was paid to the sheriff, but that the satisfaction was entered on account of property received, until the return is set aside. Whether it would be set aside, on a proper showing, *Quere.*

6. The return of satisfaction upon an execution, without any date or evidence in connexion with it, refers to the return day of the execution.

7. When there is a return of satisfaction, by the sheriff, it is unnecessary, in a motion against sureties, who became so previous to the return day, to shew any thing more than the return, and a demand of the money.

WRIT of error to the County Court of Benton county.

Motion by Cloud, for judgment against Price, as sheriff of Benton county, and the other defendants, as sureties upon his official bond. The notice of the motion alleges, that a *fi. fa.* issued from the county court of said county, on the 26th July, 1841, in favor of Cloud, against Erasmus R. Burt and George Morgan, for $121 87, and $13 31 costs, returnable to the then next term of said court. That on the same day it was placed in Price's hands as sheriff, to be levied and returned; and that he, after the reception of the said *fi. fa.* and before the return day, being said sheriff, and by virtue of the said *fi. fa.* collected the money and costs due upon said execution. Which said monies the said Price is charged with having failed to pay over, on demand, to the plaintiff.

The notice then proceeds to inform Price, that on the 4th day of the July term of the county court, the plaintiff would move for judgment against him, and his securities in office for the amount of money so collected by him, together with five per cent. per month from the time of making such demand. The notice is addressed to Price only, but in the caption, the case is stated as

against him, and Thomas N. Williams and Isaac Haynes, securities.

It seems, from the pleadings, that the securities, Williams and Haynes, appeared and contested the motion, as well as the sheriff.

Price pleaded, 1. That his return to the execution was a mistake, and that in fact, no money was made upon it. 2. The sureties pleaded the same matter in their own behalf. 3. The sureties pleaded that no money was collected on the execution. Demurrers were interposed to their pleas, and sustained by the court. 4. Price, for himself, pleaded that he did not fail to pay over any money collected, as charged by the plaintiff in his suggestion; and upon this there was issue. 5. The sureties for themselves, pleaded, after craving oyer of the bond, that judgment ought not to be rendered against them, because the said bond was delivered as an *escrow*, and to take effect only upon condition that the names of John Lawson, James Crow and William Dothard, should be procured and signed as co-obligors. 6. A similar plea to the last, concluding that, therefore, the bond is not their deed. Upon these, after demurrer overruled, the plaintiff took issue. It should be noticed, that the bond set out on oyer, is dated the 29th July, 1841.

In the progress of the trial, the execution was offered in evidence, which is indorsed, "came to hand same day as issued.— Wm. C. Price, sheriff. Satisfied in full, Wm. C. Price, sheriff." One Wilkins was offered as a witness on behalf of the defendants, Williams and Haynes, who stated that he was in the court house at the time of the signing of the bond, but did not recollect that he was present in the same room and at the same time of the signing by the sureties; that as agent for the sheriff, he had made an arrangement for the signing of the bond, and procured the sureties and the promise of signing by those other persons who did not sign it, because he was to be the deputy of the said sheriff; it was his understanding, and he knew it was so understood by Williams and Haynes, that Lawson, Crow and Dothard, were to sign the bond, together with them, and he still supposed they were all going to sign it; and knows that Williams and Haynes so understood it at the time of their signing; yet he had himself, about the time of his signing, advised Lawson, Crow and Dothard, not to sign it, as Williams and Haynes, had secured some property from the sheriff, which would be some indemnity to them.

but Williams and Haynes signed the bond without knowing that he had so advised.   He also stated, that Williams and Haynes obtained a negro man from Price.   The evidence of this witness was excluded from the jury.

Burt, one of the defendants in the execution, was offered as a witness to prove that something else than money was received by the sheriff as the consideration for the indorsement of satisfaction on the execution.   And also, to prove the arrangement between himself and the deputy sheriff, which led to the indorsement of satisfaction.   The plaintiff objected to the competency of this witness on the ground of interest, and the court sustained the objection.

Wilkins, the witness first named, was asked, 1. To state all he knew in reference to any arrangement made for the satisfaction of the execution then shewn to him, between the sheriff and his deputy, and the defendants in execution, or either of them.— 2. What was received by the sheriff in satisfaction of the execution.   3. Was not a gold watch received from defendants in satisfaction, in consequence of which, the return of satisfaction was made.

These questions were all objected to by the plaintiff, and the objection sustained.

The plaintiff's counsel was introduced as a witness, and was proceeding to state, that a week or two after the return term of the execution, he was called on as plaintiff's attorney, by a person who represented himself as the ' holder of witnesses receipt for the note on which the judgment warranting the execution was founded.   Witness had never before or since, seen this person, and he did not shew the receipt.   One Doct. Fuller applied to witness for the money due on the execution, and showed him his receipt, whereupon witness went to the sheriff and demanded the money, when Price told him he had collected the money, but did not have it then, but would in about a week.— About a week afterwards, the person referred to as unknown, came to witness as before stated, and the witness made a demand of the money of Price, in his presence.   The defendants resisted the introduction of this evidence, and excepted to its admission, as they also did to the several rulings of the court before mentioned.

The defendants, Williams and Haynes, asked the court to

charge the jury, that the execution and return upon it, made by Price as sheriff, was *prima facie* evidence of what it purported to be; and that the indorsement on the same of "came to hand same day as issued. Wm. C. Price, sheriff. Satisfied in full. Wm. C. Price, sheriff," was *prima facie* evidence in the absence of all other proof, that the execution was satisfied on the same day it came to the sheriff's hands. And that if the jury believed that the execution was satisfied on the same day it came to hand, to wit, the 26th July, 1841, then the said Williams and Haynes having executed the bond on the 29th of that month, were not liable. This charge the court refused.

The court was also requested to charge the jury, that to authorise the plaintiff to recover in this case against Williams and Haynes, it was incumbent on him to prove that the execution was satisfied, and the money collected and received by the sheriff subsequent to the time when the said Williams and Haynes became his sureties, which charge the court refused, and the defendant excepted.

All the questions raised in the court below, are opened by the assignments of error, and in addition, it is insisted that the notice of the motion is defective in not setting out when the money was demanded from the sheriff.

T. A. WALKER and S. F. RICE, for the plaintiffs in error, insisted,

1. That it was necessary to aver in the notice or allegation, the time when the money was demanded, and that for this omission, the demurrer to the plea should have been visited upon the notice. [Barton v. Peck, 1 S. & P. 486; Broughton v. State Bank, 6 Porter, 48.]

2. Sureties of a sheriff are not liable for improvident contracts made by their principal, and it was competent for them here to shew, that no money was received on the execution. [Bobo v. Thompson, 3 S. & P. 385.]

3. The effect of the return, unexplained by evidence, is to refer the satisfaction to the earliest time it could have been satisfied. This would be previous to the engagement of the sureties, and therefore, they are not liable. [U. S. v. Giles, 9 Cranch, 212; Fitts v. Hawkins, 2 Hawks, 394; 11 Gill & J. 382; Townsend v. Everett, 4 Ala. Rep. N. S.]

Price, &c. of v. Cloud.

4. The refusal to charge, as asked for in the above instance, is manifestly erroneous, whatever may be the *prima facie* intendment from the return.

WM. B. MARTIN, *contra.*

GOLDTHWAITE, J.—1. It is true, that in this notice there is no averment with respect to the day upon which the money collected upon this execution was demanded from the sheriff; nor do we think its omission is such a defect as can be reached on demurrer. The allegation is, "which said monies you (the sheriff) have failed to pay over on demand of the plaintiff." From this, in connexion with the other averments in the notice, it is evident the demand was made before the notice of the motion, and after the collection of the money. If a demand was alleged on a particular day, the precise day would be immaterial, and proof of a demand within these periods, would be sufficient. The cases of Burton v. Peck, [1 S. & P. 486] and Broughton v, State Bank, [6 Porter, 48] only require a demand to be specially averred and proved, but neither case has been considered as requiring a precise day to be set out.

2. The two pleas first pleaded, assume that the execution was returned by the sheriff, and may be considered as alleging that a return of satisfaction was made. Without this intendment, they are fatally defective, as presenting no issue whatever; and with it, they are bad, because the return, in its nature, is conclusive, so long as it continues on the record. Without undertaking to determine that the sheriff would be allowed to relieve himself from liability by altering his return, it is certainly conclusive on him, and his sureties, in the absence of fraud or collusion, so long as it remains.

3. The third plea, if pleaded in form by the sheriff, might be considered substantially as a general issue, there being no statement of the return of the execution in the notice; but it is bad as being pleaded by the sureties. In the case of McClure v. Colclough, [5 Ala. Rep. 65,] (see also, Williamson v. Howell, 4 Ala. Rep. 693; Townsend v. Gordon, ib. 607,) we held that our statutes which authorise summary judgments against sureties, without notice to them, or by giving notice to their principal, were intended, and have the effect to make the judgment against the prin-

cipal conclusive of every matter found by it; and that so long as the principal is alive, and is made a party, the sureties are not entitled to litigate the question of liabillty, except in the name of the principal. This plea goes to the liability of the principal, and is in the name and on behalf of the sureties; it is bad, therefore, within the cases cited.

4. The evidence of Watkins was properly excluded under the authority of Bibb v. Reed & Hoyt, [3 Ala. Rep. 88] as not tending to show that the sureties here retained the intention not to be bound, unless others also executed the bond; and likewise, for the additional reason that the condition of the delivery, if in fact there was any such, was not known or communicated to the person receiving the bond.

5. The evidence of Burt was properly excluded, but for a wrong reason. The fact offered to be proved by him, would have contradicted the sheriff's return of satisfaction, which we have before stated, is conclusive upon the sheriff and his sureties, until set aside. We do not understand Bobo v. Johnson, [3 S. & P. 385] as establishing the position contended for, because the question raised there was, whether the plaintiff in execution could be concluded by the illegal act of the sheriff. Whether the sureties on a proper shewing could have had the return set aside, and the true facts inquired into, to the prejudice of the plaintiff's rights, or otherwise, is a question not raised, and which, therefore, we declline to consider.

The evidence subsequently offered from the witness Watkins, is of the same description, and its exclusion proper, for the same reason.

6. The return of satisfaction, without any date or evidence in connexion with it, refers to the return day of the execution, and therefore, the court properly refused to charge, that the *prima facie* intendment was, that the execution was satisfied on the 26th July, that being the day when the sheriff received it.

7. The refusal to charge, that it was incumbent on the plaintiff to show, to authorise a judgment against the sureties, that the execution was satisfied, and the money collected and received by the sheriff subsequent to the time they became his sureties, was clearly erroneous, if it must be understood as instructing the jury that these parties could be liable unless the default of the sheriff was subsequent to the period when they became bound; but we

are not warranted in putting this construction on the charge; it must be understood with reference to the matter which immediately preceded it, which was with reference to the *prima facie* intendment to be drawn from the return, unaided by other evidence; after ascertaining the opinion of the court, that the return must be referred to the return day, the effort then was, to get the instruction that the plaintiff must explain by proof when the *money was received.* Now, the court very properly declined the charge in this connexion. It would have been entirely competent for the court to have said, that under that return, it was unnecessary for the plaintiff to introduce other proof than was already before the jury, it being in proof that the sureties were such previous to the return. In this view of the circumstances, in connexion with the charge, we think it free from error. [McCutchen v. McCutchen, 9 Porter, 662.]

Judgment affirmed.