Glover, &c. v. Chandler, et al.

------

## GLOVER, use, &c. v. CHANDLER, et al.

1. Where a plea to a motion against the sheriff goes to the default, and it is not stated by whom pleaded, it will be considered as the plea of the sheriff.
2. When a motion is made against a sheriff and his sureties at the instance of the clerk of the supreme court for failing to return an execution, it is not essential the pleas asserting the return of the execution and payment should be verified by oath.

21

3. A plea that the money was paid before notice issued is good, without averring by whom or to whom payment was made.

4. No motion in such a case will be sustained after payment made and accepted, although it is made after the default.

Writ of Error to the Circuit Court of Perry.

MOTION made by the clerk of the supreme court, in the name of Glover for his use, against Chandler as the sheriff of Perry county and others as his sureties, for his failing to return a certain execution for costs issued from the supreme court. The parties appeared to the motion, and Chandler pleaded—1. That he was not guilty of failing to return said execution, as alledged in the notice. 2. That he paid the money which he was commanded to make by said execution before the issuance of said notice, and of this he put himself on the country.

The plaintiff demurred to both pleas, but his demurrers were overruled.

The plaintiff then replied to the second plea, "that if the said money was paid at all, it was so after the return day of said execution, and not otherwise."

The defendant demurred to this replication, and his demurrer was sustained.

Issue was afterwards joined on the pleas, and the defendant had a verdict.

The overruling the demurrers to the pleas, and the sustaining the demurrer to the replication, is now assigned as error.

DAVIS, for the plaintiff in error, insisted—

1. The first plea is defective, in not showing by whom it is pleaded. It does not deny the default, and should have been verified by oath. [Dig. 311, § 31, 32.]

2. The second plea is defective in not showing by whom it is pleaded, and is no answer to the motion, because it omits to show by whom or to whom the payment was made.

3. The replication is good, because it supplies a fact not shown by the plea, and which if shown, would have made it bad.

A. B. MOORE, contra, cited Governor v. Powell, June Term, 1846, to show the second plea contains sufficient substance.

GOLDTHWAITE, J.—1. Although all the defendants appeared to the motion, yet, as the cause for it is the alledged default of the sheriff, the officer is the proper party to contest the matter with the plaintiff. [Price v. Cloud, 6 Ala. Rep. 248.] The pleas pleaded, therefore, may be considered as pleaded by him.

2. It is supposed, however, that when the motion is made at the instance of the clerk of the supreme court, the pleas, whether denying the default, or asserting a discharge, should be verified by oath. The statute provides, that "on the trial of such a motion, when the execution has not been returned by the sheriff, &c. and received by the clerk of the supreme court," his certificate of certain facts shall be received and shall dispense with the production of the execution and record, "unless such officer shall deny by affidavit, sworn to, that said execution ever came to his hands, or that it was returned to the proper office by due course of mail, or that the money could not be made on the execution, as the case may be." We think it quite evident, that no change was intended in regard to the manner of pleading, and that a new mode of proof only is provided—the certificate on the part of the plaintiff, and the affidavit on the part of the sheriff—but we apprehend either party would be allowed, notwithstanding the statute, to resort to the ordinary and usual evidence.

3. It is true, the second plea omits to state when, or by whom, or to whom, the payment was made, but we consider any of these averments unnecessary, as the term payment *ex vi termini*, imports a legal payment, and if it is not made to the proper person, and at the proper time, it could scarcely be said to be a payment. [Governor v. Powell, 9 Ala. 36.]

4. It is supposed however, by the replication to the second plea, that if the money was paid by the sheriff, after the return day of the execution, that the clerk would, notwithstanding be entitled to his motion. We think otherwise. The intention of all those, and similar enactments, seem to be to

provide a summary remedy for the party to obtain satisfaction for an alledged neglect or default, and we can perceive no reason why the remedy should be extended to cover cases where satisfaction has actually been made and accepted. Such must be the inference from these pleadings, as it could not be truly asserted a payment had been made, which was not accepted by the other party.

Whether a creditor, or the clerk, in this instance would be allowed to refuse the satisfaction offered, and retain his statute remedy for damages, as well as principal, need not be determined. Judgment affirmed.