## BROWN v. TURNER.

1. A plea that a writ was not served as returned by the sheriff, is bad.
2. A bill drawn within, and payable within this State, nine months after sight, is payable nine months after it is presented for sight, and is etitled to days of grace.
3. Notice of the dishonor of a bill, payable on the 12th November, in Mobile, given on the 27th of the month to the drawer, in Washington county, is insufficient to charge him, unless some satisfactory excuse is made for such long delay.

Writ of Error to the Circuit Court of Washington.

ASSUMPSIT in the county court of Washington, by the defendant in error, as indorsee, against the plaintiff in error as drawer of a bill of exchange for $1,000, on the 6th February, 1844, upon Austill, Marshall & Co., Mobile, payable nine months after sight, to David A. Love.

The declaration alledges the drawing of the bill, according to its tenor, its indorsement to the plaintiff, its acceptance by the drawees on the 9th February, 1844, its presentation to the agent of the acceptors for payment, they having dissolved their partnership, and being both absent from the city of Mobile, on the 12th November, 1844, and refusal by them, and protest for non-payment, "and that afterwards, to wit, on the 27th November, 1844, the defendanf at his residence in Washington county, had notice of the protest aforesaid, by means whereof," &c.

The defendant pleaded in abatement, that the writ was not executed five days before the return day thereof, to which the plaintiff demurred, and the court sustained his demurrer. The defendant then demurred to the declaration, which being overruled, he pleaded over, non assumpsit and payment.

Upon the trial, as appears from a bill of exceptions, the defendant moved the court to charge, that if notice of protest

was not given to the defendant in five days after the bill was due, it was insufficient—and that in case sufficient notice was not given to the drawer, the plaintiff should have proven that there was no funds in the hands of the acceptors before this action could be sustained, which the court refused, and the defendant excepted, and charged the jury, that a party drawing a bill of exchange, became liable to the drawer on certain contingencies, the non-acceptance and non-payment of the same, and due notice given of the failure to accept or pay.    That the jury must judge of the diligence used and whether, from the testimony, the drawer had proper, or due notice, if so, they must find for the plaintiff, if not for the defendant—to which the defendant excepted.    Judgment was rendered for the plaintiff.

After the declaration was filed, an ancillary attachment was sued out, which was levied on some slaves.

The defendant prosecuted a writ of error to the circuit court of Washington, and assigned for error—

1. In sustaining the demurrer to the plea.

2. In overruling the demurrer to the declaration.

3. The record does not show whether the judgment is upon the writ, or attachment.

4. There is no declaration upon the attachment.

5. The matters arising upon the bill of exceptions.

The circuit court affirmed the judgment of the county court, which is the matter now assigned as error.

CHANDLER, for plaintiff in error.
LESLIE, contra.

ORMOND, J.—The plea that the process was not served was clearly bad.    The court must of necessity give credence to the acts of its own officers, otherwise it would be impeded at every step by the trial of collateral issues.    If any injury is thereby caused to the party, he must seek redress in another mode.    [Crafts v. Dexter, 8 Ala. 769.]

The suing out of an ancillary attachment, whilst a cause is in progress, has no effect whatever on the suit then in progress, further than to provide the means of satisfying the judgment, if one is obtained.

It is objected that days of grace are not allowed upon such a bill as this, and that therefore the presentment for, and demand of payment were made too late. The act of 1828 provides, "that hereafter the remedy on bills of exchange, foreign and inland, and on promissory notes payable in bank, shall be governed by the rules of the law merchant, as to days of grace, protest and notice; and bills drawn and payable within this State, shall be deemed inland bills; and those drawn here and payable out of this State, shall be deemed foreign bills." [Dig. 383, § 11.] This then is an inland bill of exchange, payable nine months after sight, and it is well settled, that the time is to be computed from the date of its acceptance, or presentment for sight. [Campbell v. French, 6 Term, 200; Sturdy v. Henderson, 4 B. & A. 592.] It is equally clear, that such bills are entitled to days of grace. This bill being shown for sight, and accepted on the 9th February, 1844, fell due on the 9th November after, and adding the days of grace, it was properly presented for payment on the third day of grace, which was the 12th November, 1844.

It is further urged, that the averment in the declaration, of notice of the dishonor of the bill is insufficient, and we are of that opinion. The bill, as we have seen, was payable on the 12th November, and the averment of the declaration is, that notice was given to the drawer, at his residence, Washington county, on the 27th November. A notice of the fact of the dishonor of the bill, would have been sufficient if put inso the post office addressed to the drawer at his post office, the day after the refusal to pay the bill, or the first mail thereafter; but it is neither necessary or customary, when notice has been given, to state the facts. The usual averment is, that due notice was given of the dishonor of the bill, under which the proof may be made. [Firth v. Thrush, 8 B. & C. 387.] Here we infer from the allegation, that notice was given personally to the defendant, at his residence, which, if given in a reasonable time, would have been sufficient. But in our opinion, fifteen days is not a reasonable time, within which to give notice to a person in Washington county, of the dishonor of a bill in Mobile. If there had been any sufficient reason for this long delay, it should have

been averred in the declaration, or at least proved on the trial.

What is a reasonable time within which to give notice, is a question of law when the facts are detailed. [Darbishire v. Parker, 6 East, 3.] We know judicially, that Washington is the adjoining county to Mobile, and that therefore the interval which was suffered to elapse between the dishonor of the bill and the notice, was unreasonable.' In the case last cited, it was held, that where there was a general post, notice by a special messenger, not communicated, until after the hour when it would have been received by the post, was insufficient. Whether this position would be true in any other case, than between two commercial places, we need not now consider. It is certainly true however, that when notice is necessary to be given, it is the duty of the party to give it in a reasonable time, and that cannot be considered reasonable which takes five or six times longer than the same information could be carried by the mail.

Without considering the first charge moved for, it is clear the court erred in refusing to instruct the jury, that if sufficient notice was not given, the plaintiff could not recover, without proving the drawer had no funds in the hands of the acceptor-

The judgment of the circuit court must be reversed, and the cause remanded, that it may be sent back to the county court, for further proceedings.