## MARTIN *vs.* BARNEY.

20  369
99   81

1. The return of a sheriff on a *capias* is the highest and best evidence of its execution, and cannot be called in question collaterally, nor be impeached or varied by parol proof.  Nor will the sheriff be allowed to depose to a state of facts inconsistent with his return.

2. A party injured by the sheriff's false return on a writ of *capias ad responden-dum,* has his remedy against the sheriff. Or, if the writ be returned "executed," when it in fact was not, and judgment by default goes against the defendant on a claim to which he has a good defence, chancery will afford relief.

ERROR to the Circuit Court of Perry.

Tried before the Hon. George Goldthwaite.

This was an action of debt on a judgment recoverd by Barney against the plaintiff in error and one Bell, as partners under the firm name of Bell & Martin, in the Circuit Court of Perry. The defendant pleaded 1. Nul tiel record; 2. That the writ in the case of Barney v. Bell & Martin issued after the dissolution of partnership, and notice thereof published in the newspapers of the county, and that it had never been served on him; 3. That the court had no jurisdiction to render judgment in the case of Barney v. Bell & Martin. The plaintiff demurred to the second and third pleas, and his demurrer was overruled.

On the trial, the plaintiff produced a transcript of his judgment, and rested his case. This judgment was rendered more than ten years before the commencement of the present suit, and no execution was ever issued on it. The defendant then produced the original papers in the case of Barney v. Bell & Martin, and showed by the sheriff's endorsement on the original writ that it was returned "executed 18th April, 1838, S. G. McLaughlin, sheriff." The defendant then introduced McLaughlin as a witness, who testified that he was the sheriff of Perry county at the time the writ was issued in the case of Barney v. Bell & Martin; that he received it about the day on which it issued, and returned it executed generally on the 18th April, 1838 ; that his best recollection was that he executed this writ, but did not recollect whether it was on Martin or Bell; that they had been partners as merchants, and that when he had executed a writ on one partner in a firm he returned it executed generally. To this proof the plaintiff objected, and the court excluded from the jury all that related to the service and return of the writ, to which defendant excepted.

The defendant also proved that he and Bell had been partners as merchants, in Hamburg, in Perry county, and that

the partnership was dissolved on the 8th April, 1837, which was before the issuance of the writ in the case of Barney against them, of which dissolution notice had been given by publication in a newspaper printed 'in Marion, Perry county. The exclusion of the evidence is now assigned for error.

JOHN & MOORE, for plaintiff in error.

1. A sheriff's return must be certain; if uncertain as to any material fact, it is not good. Watson on Sheriffs, 7 Law Lib. 49; 46 ib. 282; 1 Tidd's Practice, 689. All returning officers are ministerial, and must set forth in their returns the acts done by them, so that the court may judge of their legality and sufficiency. A return that a precept had been *legally* served, or the duty enjoined by it *duly* performed, would be clearly insufficient. 12 Pick. 206; Hard. 168. The return in this case is bad, because it does not set out the acts done; it does not aver personal service on the defendants, but simply alleges a legal conclusion.

2. It cannot be objected, that if the return is false, the party injured has his remedy against the sheriff. If the court determines that this return is legal and sufficient, it cannot be illegal, and therefore cannot be false. It sets out no fact, and can be neither true nor false.

3. Service of process on one co-partner, after a dissolution of the firm, is not sufficient to authorize the rendition of a judgment against those who are not served. 4 Porter, 181; 7 Ala. 475.

4. Special matters of defence for want of jurisdiction, either of the subject matter of the suit or of the person, may be specially pleaded to an action on the judgment or record. Riddle v. Wilkins, 1 Peters, 691; 5 Johns. 37; 15 ib. 140; 5 Wend. 148. If the want of jurisdiction can be pleaded in abatement, then it follows that the facts set out in the plea may be proven.

5. The case of Cantley. & Co. v. Moody, 7 Porter, 443, is not supported by a single authority from any other court. Its effect is to make a record by presumption.

I. W. GARROTT, *contra.*

1. The ruling of the court in the rejection of the evidence

was correct. Governor v. Bancroft, 16 Ala. 605; Watkins v. Gayle, 4 ib. 153; McGehee v. McGehee, 8 ib. 86; Branch Bank at Mobile v. Ford, 13 ib. 431; 3 Smedes & M. 409; 5 ib. 458; 3 Howard, (Miss.) 66. As to the propriety and completeness of the sheriff's return, see Cantley & Co. v. Moody, 7 Porter, 443.

2. Even if the testimony was admissible, the plaintiff in error was not injured by its exclusion; for it did not *tend* to prove that the original writ was not served. It amounted, at most, to nothing more than this, that the witness did not recollect whether he served the writ or not. It ought therefore to have been excluded. McKenzie v. McRae, adm'r, 8 Porter, 70.

LIGON, J.—No objection is here made to the action of the court below in overruling the demurrer, but the sole question presented for our consideration is, did the Circuit Court err in rejecting the testimony of the witness McLaughlin.

We do not think it did, for the purpose of the evidence was to prove the manner in which the writ in the case of Barney v. Bell & Martin had been served, and by this parol proof to contradict or vary the sheriff's return. It is clear that the return of the sheriff on the writ is, in its nature, both the highest and best evidence of the fact of execution, and that it cannot be called in question collaterally, or be impeached or varied by the parol proof of the sheriff, or any other person. Nor can a sheriff be allowed to depose to a state of facts inconsistent with his return. Price v. Cloud, 6 Ala. 248; Haynes v. Small, 9 Shep. 14; Lawson v. Main, 4 Pike, 184; Baker v. McDuffie, 23 Wend. 289.

If the return is untrue, the party injured has his remedy against the sheriff for a false return. McBee v. The State, 1 Meigs R. 122. Or, if the writ is falsely returned executad, when in fact it never has been served, and the party aggrieved has a good defence to the merits of the action against him, he may go into equity for relief. Crafts v. Dexter, 8 Ala. 767.

There is no error in the record, and the judgment must be affirmed.