### JAS. F. MCKEE ET AL. v. BUENA LE GETTE ET AL.

(No. 1980, Op. Book No. 2, p. 417.)

APPEAL from Guadalupe County.   Opinion by WATTS, J.

§ **1144.** *Evidence in suit against officer for wrongful seizure of property under process; officer's return; mitigation of damages.*   Appellee Buena Le Gette, wife of L. B. Le Gette, claimed to own in her separate right a certain stock of cattle.   Appellant McKee, constable, by virtue of an execution in favor of Nolte & Fennell, and against L. B. Le Gette, levied upon, as stated in his return on the execution, *about* fifty head of cattle, as the property of said L. B. Le Gette, and sold fifteen head of

the same under the execution for $122. The suit was for the value of the cattle levied on, alleged to be the sum of $650, and for this amount appellees recovered judgment. Upon the trial McKee, the constable, while upon the stand as a witness, was asked the following questions, viz.: 1st. What cattle were levied on by you? 2d. What has become of the cattle levied on by you? 3d. Where are the cattle now that you levied on? 4th. Who now has said cattle in possession? The court, upon objections made by appellees, would not permit the witness to answer these questions, which rulings of the court were excepted to by appellants. *Held*, the suit was for trespass. The answer in the main justified the seizure on the ground that the cattle were the community property of L. B. Le Gette and wife, and therefore subject to seizure and sale under the execution. There was no general denial, but the defendant asserted in his answer that the plaintiffs were in no way damaged by the seizure. Excepting the fifteen head sold by the constable, there is no evidence in the record showing what disposition was made of the cattle. It may be that the cattle were never removed from their accustomed range, or if they were, they may have been returned to appellees. If such were the facts, it would certainly mitigate the damages which appellees might be entitled to recover. The testimony sought to be elicited by the questions propounded to the witness McKee was admissible. It could not be said to be obnoxious to the rule that an officer will not be permitted to contradict his return, even if that rule should be applicable. The return does not state the exact number of the cattle levied on, nor the kind or value of the cattle, nor the disposition made of any except the fifteen head sold.

May 19, 1881.　　　　　　　Reversed and remanded.

ON MOTION FOR REHEARING.

§ 1145. *Return of officer only prima facie evidence.* Where the return is introduced in evidence by one not

deriving any right or interest under it, as, for instance, when one sues for wrongful levy, it is a mere admission, and only *prima facie* evidence against the officer. [Abbott's Trial Ev. p. 200; 23 Wend. 291; 10 Pick. 166.] In this case the appellees are claiming not under the officer's return, but that the levy was wrongful.

§ **1146.** *Pleading; general denial.* The allegation in defendant's answer, "He further denies that any damage was done said plaintiffs, or either of them, by said levy," in effect had the same operation as a general denial.

Rehearing refused.