144 So. 831

## FOWLER v. NASH et al.

### 6 Div. 155.

Supreme Court of Alabama,
Dec. 1, 1932.

J. A. Lusk, of Guntersville, for appellant.

P. A. Nash, of Oneonta, for appellees.

KNIGHT, J.

This case has been before this court on three former occasions, in one form or other. In the case of Fowler v. Fowler et al., reported in 219 Ala. 453, 122 So. 440, this court construed the averments of the bill, and then held the same sufficient to call into exercise the jurisdiction of the court of equity to review and revise the proceedings had in the probate court of Blount county, adjudging the present complainant a person of unsound mind, and appointing a guardian of his estate. A careful review of that decision, which is full and exhaustive, leaves us in full accord and agreement with the conclusions there reached. The equity of the case there presented and determined, is so fully supported, both on principle and authority, that we feel a further citation of precedents would be the work of supererogation. We therefore shall address ourselves to the determination of the one question: Does the evidence support, to that degree of satisfaction required in such cases, the averments of the bill? While the bill, on reversal of the cause, was amended in the court below, the amendment made no material change as to the facts relied upon for relief.

On former appeal the salient averments of the bill are fully and clearly stated by Mr. Justice Brown, and without again reciting them, we refer to the opinion for a statement of the facts.

Since this cause was decided on former appeal, the sheriff of Blount county, at the time the lunacy proceedings were instituted against complainant, has been allowed to amend his return upon the writ, and, as amended, the return reads: "I have executed the within writ by taking into my custody James A. Fowler, and hereby certify that it is inconsistent with the health and safety of the said James A. Fowler to have him present at the Probate Office at ten o'clock A. M. on Satur-

day, the 11th day of April, 1925, at the hearing of said cause. This April 11th, 1925. [Signed] George McPherson, Sheriff of Blount County, Alabama."

This amendment was made pursuant to permission given the ex-official by order of the probate court of Blount county. On appeal, this court affirmed the judgment of the circuit court in denying the motion of James A. Fowler to strike the petition for certiorari and to quash the proceedings in the probate court, this court holding that the return was amendable.

■ It is now insisted by appellees that this amended return "is conclusive in the action, and that the return of the sheriff on the writ is 'both the highest and best evidence of the fact of execution, and that it cannot be called in question collaterally, or be impeached or varied by parol proof of the sheriff, or any other person; nor can a sheriff be allowed to depose to a state of facts inconsistent with his return.'" We are cited by appellees to the cases of Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Martin v. Barney, 20 Ala. 369, and Price v. Cloud, 6 Ala. 248, as authorities in support of their contention. We are in full accord with the holding of those cases, but in the instant case, where fraud is averred and proof made in support of it, a very different rule applies.

■ In the case of Stewart v. Capital Fertilizer Co., 207 Ala. 596, 93 So. 641, 642, this court made this observation with reference to the return of a sheriff: "The sheriff's return imports verity and cannot be contradicted or impeached in the action in which it was made. Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304. 'The court must, of necessity, give credence to the acts of its own officers; otherwise, it would be impeded, at every step, by the trial of collateral issues.' Dunklin v. Wilson, 64 Ala. 162; Brown v. Turner, 11 Ala. 752. This rule does not, of course, preclude the sheriff from amending his return in proper cases so as to make it speak the truth. Nor is said return conclusive on a party to the cause upon an action against the sheriff for a false return, *or upon a proceeding in equity*, or under the four months' statute to set aside a judgment or decree rendered thereupon." This is not a collateral proceeding, in any sort of way, but is a direct attack upon the entire proceedings, begun, had, and carried to completion in the probate court. Fraud is the basis of the suit.

"The granting of relief against judgments and decrees fraudulently obtained is a matter within the original jurisdiction of courts of equity, and a bill for that purpose is, in its very essence, a *direct* not a collateral attack, and the fact that the proceedings eventuating in the judgment or decree are regular on their face, affirming jurisdiction in the court to proceed, is not an insuperable obstacle to relief." Fowler v. Fowler, 219 Ala. 453, 122 So. 440, 441; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Id. (second appeal) 176 Ala. 287, 58 So. 262; Curry v. Peebles, 83 Ala. 225, 3 So. 622; Mitchell v. Rice, pro ami, 132 Ala. 126, 31 So. 498; Ex parte Smith, 34 Ala. 455; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Van Fleet on Collateral Attack, § 2; Harman v. Moore, 112 Ind. 221, 13 N. E. 718; Herring v. Ricketts, 101 Ala. 340, 13 So. 502.

■ While courts of probate have "authority, and it is a duty, to appoint guardians for persons of unsound mind *residing in the county*, having an estate, real or personal, and of persons of unsound mind residing without the state, having within the county property requiring the care of a guardian," yet that authority must be, and can only be, exercised within the limitations and in the mode prescribed by statute. Code, § 8103. The limitation fixed by statute upon the authority of courts of probate in the appointment of a guardian of a person of unsound mind is that such an appointment must not be made until an inquisition has been had and taken as directed by statute. Code, § 8104.

■ One of the jurisdictional averments of a petition to have a person adjudged to be of unsound mind is the averment that the alleged lunatic resides in the county where the proceedings are filed. The petition, in the instant case, avers that James A. Fowler, the alleged insane person, was "a resident citizen of Blount County." On its face, the petition for writ of lunacy was regular and contained all jurisdictional averments.

■ It is the contention of the complainant that the entire proceedings to have him adjudged of unsound mind were the result of a fraudulent combination and scheme on the part of certain named persons, some of whom were his children, in order to deprive him of his property, and that they might reap benefits therefrom. If the proceedings were in fact fraudulent in conception and execution, and the result of a conspiracy to deprive the complainant of his property, it would be a fraud not only upon the complainant but upon the jurisdiction of the probate court, in which the proceedings were had. As was said by the late Mr. Justice Somerville, in Cromelin v. McCauley et al., 67 Ala. 542: "That a court of equity possesses jurisdiction to relieve against fraud in judicial proceedings, is everywhere a universally recognized principle. The judgment or decree against which relief is invoked, however, must have been procured by fraud, either in its original rendition, or by a subsequent fraudulent alteration; and this fraud must, in a sense, be shown to be actual and positive. When this is clearly established by satisfactory proof, it is honorable to our system of equity jurisprudence, that such infection of fraud is made to vitiate every transaction, and the solemn

judgments of courts *are no exception to the salutary rule.* [Italics supplied.] * * * Munn v. Worrall, 16 Barb. [N. Y.] 221; Ogden v. Larrabee, 57 Ill. 389; Kerr on Fraud & Mistake, pp. 352–353; Galatian v. Erwin, Hopk. Ch. [N. Y.] 48; Barnesly v. Powell, 1 Ves. 120–285."

We have carefully read all the evidence in this case, as well as the pleadings, and to our mind the conclusion is inescapable that a fraud was perpetrated not only on the complainant, but upon the probate court of Blount county in the proceedings had in that court on the initiative of William G. Fowler, and others in fraudulent conspiracy with him. That their object was to deprive the complainant of control of his property is, we think, clear. The petition, in its averment that the said James A. Fowler was a resident citizen of Blount county, was false, and its falsity fully known to said William G. Fowler, the petitioner, and others in collusion with him, is beyond doubt. That the complainant was at the time of the filing of the petition a resident citizen of Marshall county, and had been continuously for about fifty years, is fully shown by the evidence. That he was induced to go into Blount county for a *short visit* to his daughters *only,* and with no intention of abandoning his home in Marshall county, is also beyond question, and we are fully persuaded that his *enforced* visit to his daughters in Blount county was a part of the scheme to make possible, or colorable, lunacy proceedings against him in the latter county. That the son, William G. Fowler, long a resident of Texas, and who had shown little or no concern for his father through the years, hurried from his Texas home to Alabama for the purpose of having his father adjudged insane and deprived of the control of his property is also, to our mind, without doubt, and a part of the scheme was to have this done in Blount county, and not in Marshall county, where the aged man had lived for upward of fifty years, and where he was known, and had accumulated his property.

Although the writ issued by the judge of probate was regular on its face, the conclusion is inescapable from the evidence that the sheriff never executed this writ in the manner and mode contemplated and required by law; nor did the sheriff at any time take the supposed lunatic into his custody. We are fully persuaded from the evidence that the complainant was never informed, nor brought to an appreciation, of the fact that lunacy proceedings had been instituted against him. As was so aptly and forcibly stated by Justice Brown on the former appeal in this case: "The wise policy of the statute requiring that the sheriff take the person of the alleged lunatic into his custody is to bring the alleged lunatic notice by restraining him of his liberty, so that if he has any mind at all he will realize that he must defend in order to remove this restraint, and, if not, persons interested in his freedom and his property rights may come to his aid. Anything short of this cannot be approved as due process of law. 6 R. C. L. 446, § 442; Simon v. Craft, 182 U. S. 427, 21 S. Ct. 836, 45 L. Ed. 1165." Certain it is, this wise and salutary provision was not observed in this case.

This case is not without its pathos and its tragedy. The evidence, if it is to be believed, and we think it is, presents a case for equitable relief. The complainant, in the proceedings against him, in the probate court, was not given his day in court, and we are constrained to hold the proceedings in the probate court, wherein he was adjudged insane, void, and that the appointment of a guardian of his estate is likewise void.

The decree of the circuit court will be here reversed, and a decree here rendered annulling and vacating the judgment and decree of the probate court of Blount county, adjudging the complainant, the said James A. Fowler, to be of unsound mind, and annulling and vacating the appointment of the respondent L. E. Nash as guardian of said James A. Fowler, and holding the guardian, the said L. E. Nash, who in no way is connected with any fraud in the procurement of the decree, to account as a trustee in invitum, and directing the restoration to said Fowler of the property taken over by the said guardian, and requiring the said L. E. Nash and the surety on his guardianship bond to account to the complainant for all rents, incomes, and profits, with interest thereon, received by him accruing from said property, and to account to the complainant for the fair, reasonable market value of all property sold or disposed of by him, with interest thereon.

In order that the decree here rendered may be properly carried out, the cause is reversed, with directions to the circuit court to refer it to the register for reference and report, after due notice to all persons in interest, or their solicitors of record, to state an account between the said L. E. Nash, as trustee in invitum, and the said James A. Fowler.

Inasmuch as no bad faith is imputable to said Nash, he will be allowed reasonable compensation for all services rendered by him in the interest of the estate, and in conserving the same, and credit for all amounts reasonably expended by him in the support and maintenance of said James A. Fowler, and in the conservation of the estate, and also a reasonable allowance for his solicitor for necessary and proper legal services rendered him in and about making final settlement of his trusteeship and in representing him in his said guardianship, but not for services rendered in the lunacy proceedings.

The findings and report of the register to be made to the circuit court for its consideration and approval.

Nothing in this opinion is intended to reflect in the slightest degree upon the judge of probate who presided at the lunacy proceedings, nor upon counsel appearing in said cause, as the evidence does not warrant a tinge of criticism of their action.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.