# Beadle *v.* Graham's Adm'r.

*Bill in Equity for Injunction of Judgment at Law.*

1. *Equitable relief against judgment at law.*—A bill for equitable relief against a judgment at law, in the nature of a bill for a new trial, must show that the complainant had a valid defense to the action, and that he was prevented from making it by accident, mistake, or the fraud of the opposite party, unmixed with negligence on his part; and he must further show that, on another trial, he can establish his alleged defense.

2. *Same.*—In this case, the defendant in the action at law pleaded *res adjudicata,* but failed to establish the defense, the docket of the justice (before whom the former suit was brought) being lost, and its contents not proved; and the docket having been afterwards found, he filed a bill to enjoin the judgment; *held,* that the bill was without equity, since the docket did not show that the case was tried before the justice on its merits.

3. *Proof of transactions with decedent, in action by administrator.*—In an action brought by an administrator (or revived in his name, on the death of the plaintiff pending the suit), the defendant can not be allowed to testify, as a witness for himself (Code, § 3058), that the intestate sued him before a justice of the peace, on the same cause of action, and that the justice decided he was not entitled to recover.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 5th April, 1881, by Joshua H. Beadle, against the personal representative of Thomas Graham, deceased; and sought to enjoin the collection of a judgment, which said administrator had obtained against the complainant, in the Circuit Court of Madison, and which was affirmed by this court on appeal, a few days before the bill was filed, as shown by the report of the case, *ante,* pp. 99-101. The action at law, in which the judgment was recovered, was commenced by the said Thomas Graham in his life-time, on the 15th January, 1866; and the judgment was rendered on the 28th May, 1877. A copy of the proceedings had in that case, including the bill of exceptions reserved on the trial by the defendant, was made an exhibit to the bill. The grounds on which the complainant sought to enjoin the collection of the judgment are contained in the following allegations of the bill:

"Your orator shows that, on the 8th December, 1865, the said Thomas Graham instituted suit against him, in the court of Smith Adams, who was then a duly elected, qualified and acting justice of the peace, for the Huntsville beat, in said county of Madison, for the sum of $92.40; that the warrant was duly served on your orator; that said cause

VOL. LXVI,

[Beadle v. Graham's Adm'r.]

came regularly on for trial, on the 2d January, 1866; and
that a judgment was duly rendered, on the merits, in favor
of your orator, and against said Graham, in respect of said
alleged debt, and for the costs of said suit. Your orator
files herewith a copy of the docket of said cause, as 'Exhibit
B,' and asks leave to produce the original on the hearing, as
evidence in the cause; and complainant shows that the
papers of the justice's docket of said cause can nowhere be
found. Your orator shows, also, that on the trial of said
cause in the Circuit Court, brought against him by said Gra-
ham, your orator pleaded that the cause had been tried
before said Adams, and that, after litigating the same,
he had obtained a judgment of said justice of the peace in
his favor, and the claim had been judicially determined on
the merits in his favor; and that said administrator, by his
pleading and proof, denied that the matter had ever been so
litigated before said Adams, or elsewhere. Said Adams had
long since departed this life; and though strict search was
made, of and among the papers of his successor in office, and
of his family, and of those who would be most likely to have
the custody of his papers and effects, no clue could be
obtained to his docket and papers, used by him while he was
a justice of the peace. And complainant shows that the
docket of said Adams, as justice of the peace for the year
1865, has been accidentally found among the rubbish of the
Circuit Court of said county; and that the same contains a
docket of said case, wherein said Graham sued your orator
as hereinbefore stated. And your orator shows that he could
not find said docket, to be used as evidence on said trial in
the Circuit Court; that he caused search to be instituted
for the same, and for the papers in this case, in the office of
Robert Figg, who was the successor in office of the said
Adams; and that he made inquiry of every person who he
thought might probably know anything of the said docket
and papers, and was unable to find the same; and that the
same was found, within the present day, by the clerk of the
Circuit Court of this county, but the papers have not yet
been found. Orator shows that he was deprived of the proof
of the adjudication by said Adams, without any negligence
on his part, and by circumstances beyond his control; and
he alleges the truth to be, that the said debt, so sued on
before said Adams, was for services rendered by said Gra-
ham in the years 1862 to 1864, in attending to his plantation;
and that he never did owe said Graham but the one debt,
and never had but this one transaction with said Graham,
wherein he was the debtor of said Graham; that he proved,
in the suit before said Adams, that he had paid said Gra-

ham when this service was rendered; and said suit in the Circuit Court was for the same alleged debt, and for none other." The bill prayed an injunction of the judgment, and general relief.

The entries on the justice's docket, as shown by the exhibit to the bill, after stating the names of the parties, "Thomas Graham v. Joshua H. Beadle," were in the following words: "Open account for $92.40; Madison, 1862, 1863, 1864. Issued Dec. 8th, 1865. Returned January 2d, 1866. *Dismissed. Got my costs.*"

After answer filed, the chancellor dismissed the bill, on motion, for want of equity; and his decree is here assigned as error.

DAVID P. LEWIS, for appellant.—A court of equity will restrain a party from using an unfair advantage which he has obtained, in a proceeding at law, by fraud, accident, or mistake, without fault or negligence on the part of the party injured.—2 Story's Equity, §§ 885–8, 894, 1574; *Cox v. Railroad*, 44 Ala. 611; High on Injunctions, §§ 86–9; *Farquharson v. Pitcher*, 2 Russ. 81–87; *Jarvis v. Chandler*, 1 Turner & Russ. 319; *Codrington v. Webb*, 2 Vernon, 240; *Iglehart v. Lee*, 4 Md. Ch. 514; *Culting v. Carter*, 29 Vermont, 72; *Earl of Kildare v. Eustace*, 1 Vernon, 437; 1 Eq. Cas. Abr. 377; *Reigal v. Webb*, 1 John. Ch. 401. In this case, on the admitted averments of the bill, it is against conscience that the defendant should be allowed to enforce the judgment in the Circuit Court, when the matter had been previously adjudicated adversely to him, before another court of competent jurisdiction. No question is raised as to the diligence or negligence of the defendant in making his defense, and the averments must be taken as satisfactory on that point; and if insufficient, an opportunity to amend should have been allowed.—High on Inj. §§ 997–1000; Code, §§ 3788–94. The question is not, as the chancellor supposed, whether the alleged debt has been paid; but whether proof of payment was made before the justice, as the bill alleges, or the matter decided by him, on any other ground, adversely to the plaintiff; as to which matters, an issue of fact is tendered by the bill.

L. P. WALKER, *contra.*—A court of equity will not interfere, after the rendition of a judgment at law, unless the party complaining can successfully impeach the justice of the judgment.—*Lee & Norton v. Ins. Bank of Columbus*, 2 Ala. 21. In this case, the complainant himself is incompetent to prove the proceedings before the justice (Code, § 3058), even if the

[Beadle v. Graham's Adm'r.]

case was there tried on its merits; and the entries on the justice's docket, which is the only evidence he adduces, only show that the case was *dismissed*. This is not an adjudication on the merits.

STONE, J.—The defense relied on in this case is purely legal, and would have prevailed, if properly proved, in the trial in the Circuit Court. The defense was attempted to be made in that court, but was ruled out, because the witness was incompetent to testify to the facts proposed to be proved by him.—*Beadle v. Graham's Adm'r*, at the present term. The present is a bill in the nature of a bill for a new trial. Such bills are maintainable, only when the party invoking the jurisdiction had a valid defense, and was prevented from making it by the fraud of the opposite party, or by accident or mistake, unmixed with negligence on his own part.—1 Brick. Dig. 666, § 376; 2 Story's Eq. Jur. §§ 887–8. The excuse relied on in this case is accident; and it is shown that the lost docket of Justice Adams has been found. What that docket shows is made an exhibit to the bill. It does not tend, in the remotest degree, to show that the suit before Adams was tried on the merits. On the contrary, it tends strongly to show the suit was dismissed, without a trial on the merits. This is the only additional testimony the complainant avers he can produce, and it utterly fails to show a valid defense to the action. Complainant himself is incompetent to testify, regarding that trial, because it was a transaction with defendant's intestate, now dead.—Code of 1876, § 3058.

A bill in such a case as this, to be sufficient, must show two things: "First, that his failure to make defense was not attributable to his omission, neglect, or default; and, secondly, that his defense is good to the entire cause of action, or such part of it as he proposes by his bill to litigate." *Hair v. Lowe*, 19 Ala. 224. To make the second of these grounds good, the complainant must not only set forth his defense, showing that it is a valid one, but he must show that on another trial he can prove his defense, as he avers it to exist. Without an averment that such proof exists, there would seem to be no possible good to come of a second trial. With all the additional testimony shown in this bill to have been discovered, the result would be the same as in the trial at law. This ruling is not in conflict with *Cox v. Railroad*, 44 Ala. 611; but, if it were, we would not be inclined to follow that case.

The chancellor's decree is affirmed.