# O'Neal *v.* Kelly.

*Statutory Rehearing, after Final Judgment at Law; Motion to dismiss Appeal.*

1. *When appeal lies; and when mandamus.*—According to the settled practice of this court, an appeal lies from an order refusing to grant a statutory rehearing a'ter final judgment at law (Code, §§ 3160–68), because such refusal is a final judgment; but, if a rehearing is improperly granted, the remedy for the correction of the error, before final judgment in the case, is by *mandamus*, and an appeal does not lie.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.

The record in this case shows that, on the 12th June, 1879, an action was instituted in said Circuit Court, by summons and complaint, in the name of Emmett O'Neal, "as administrator of John Harkins, and assignee of George W. Karsner," against Fleming J. Kelly; that a judgment by *nil dicit* was rendered in said cause, on the 27th August, 1881, which recites that the defendant appeared and withdrew his pleas; that on the 9th November, 1881, the defendant in the judgment filed his petition, asking a rehearing and new trial, on the ground of surprise, accident, or mistake (as more fully stated in *Ex parte O'Neal, post*, p. 560); and that on the hearing of said petition, with the evidence for and against it, the court set aside the judgment in the cause, and granted a new trial as prayed. The appeal is sued out from this order, or judgment, and it is here assigned as error. A motion to dismiss the appeal was submitted by the appellee, on the ground that an appeal would not lie from such order, it not being a final judgment.

BRANDON & COOPER, and CABANISS & WARD, for the motion.

D. P LEWIS, and E. O'NEAL, *contra*.

PER CURIAM.—At one time, there was some conflict in the decisions of this court, as to the proper mode of introducing here, for revision, the action of the City or Circuit Courts in granting or refusing applications for a rehearing under the statute.—Code of 1876, §§ 3160–61. To remove all uncertainty, in *Ex parte North* (49 Ala. 385), following the earlier decisions, it was announced, that from a judgment refusing the application for a rehearing an appeal would lie, because that judgment is final, disposing of the case; but, if the application was erroneously granted, the order granting it was not a final judgment—its effect was, not a disposition of the case, but its restoration to the docket for a new trial; and prior to final judgment, the only remedy for the correction of the error is *mandamus.* This is the practice which has been since pursued —*Heflin v. Rock Mills,* 58 Ala. 613.

The motion to dismiss the present appeal, taken from an order granting a rehearing, must, therefore, be sustained.