[Ex parte O'Neal.]

---

# *Ex parte* O'Neal.

*Application for Mandamus to Circuit Court, in matter of Statutory Rehearing after Final Judgment at Law.*

1. *Statutory rehearing at law; want of diligence in defending suit.* When an action at law is founded on a bond, or promissory note under seal, given for the purchase-money of land, the plaintiff suing as assignee; and the cause is continued, by consent, to await the termination of a suit in chancery, instituted for the purpose of setting aside the sale and conveyance; so soon as the defendant is informed of the decision of the chancery cause, setting aside the sale and conveyance, and thereby establishing the want or failure of consideration of the notes, it is his duty to prepare to defend the suit at law; and failing to show due diligence, he can not obtain a statutory rehearing after judgment by *nil dicit* (Code, § 3161), on the ground of surprise, accident, or mistake.

APPLICATION by Emmett O'Neal, as the administrator of the estate of John Harkins, deceased, for a writ of *mandamus* to the Circuit Court of Madison, Hon. H. C. SPEAKE presiding, to compel that court to vacate and set aside an order granting a statutory rehearing after final judgment in a suit lately pending in said court, wherein said O'Neal was plaintiff, suing "as administrator of John Harkins, and assignee of George W. Karsner," and one Fleming J. Kelly was defendant. That action was commenced on the 12th June, 1879, and was founded on two bonds, or promissory notes under seal, each dated

[Ex parte O'Neal.]

August 12th, 1875, and payable one day after date to said George W. Karsner; and the complaint alleged that said bonds were assigned to plaintiff by said Karsner. Judgment by *nil dicit* was rendered in the cause, on the 27th August, 1881, for $750 debt, and $374.80 damages; the judgment reciting that the defendant appeared, and withdrew his pleas. On the 9th November, 1881, the defendant in said judgment filed his petition in writing, verified by affidavit, asking a rehearing, or new trial, on the following grounds, as alleged:

"Petitioner shows that said two bonds, described in said complaint, were executed by him in consideration of the conveyance of land to him by said Karsner, of date August 12th, 1875; which conveyance was set aside, and declared null and void, by a decree of the Chancery Court of Lauderdale county, Alabama, rendered on March 30th, 1880, in a suit to which said Karsner and your petitioner were parties, instituted on 18th August, 1876; that there was a failure of consideration of said bonds, and that your petitioner was prevented from making his defense in said suit in said Circuit Court, by fraud or mistake, and without fault on his part, in this: Knowing that the validity of the conveyance of said Karsner to him was being contested in said Chancery Court, and expecting said Karsner to wait for the purchase-money until said contest was decided, your petitioner was surprised at being sued on said bonds before the termination of said chancery suit, and communicated with said Karsner, who assured him that, by agreement with the attorneys for the plaintiff, said suit in the Circuit Court would be continued until the termination of said chancery suit, and, if the decision of said Chancery Court was adverse to the validity of said conveyance, then said suit on the bonds would be withdrawn; and after the termination of said chancery suit, said Karsner informed him of the decree, and told him that the suit on the bonds was at end. When petitioner was served with a copy of the summons and complaint in said action, John D. Brandon, an attorney of said court, was retained to defend the suit for petitioner; and he entered an appearance in the cause, but never filed any plea. Petitioner is informed and believes, and upon such information and belief avers, that said Karsner wrote his name on the back of said bonds, and placed them with the papers of the late firm of Harkins & Karsner, of which he was the surviving partner, intending thereby to transfer them to said late firm; that he delivered them to E. A. O'Neal, to enable him to aid his defense of said chancery suit, with the expectation that said O'Neal would return them to him after making out his brief in said chancery suit, and without expectation of suit being instituted on them; that said E. A. O'Neal agreed with him that the suit on the bonds should be continued until

36

the termination of the chancery suit, and, if that was adverse to the validity of the conveyance by said Karsner to petitioner, that then said suit on the bonds should be withdrawn; that said Karsner informed said Brandon of this agreement, and, after the termination of said chancery suit, informed him of the decree, and told him that the suit on the bonds was at an end; that said Brandon wrote to said Karsner, at the August term of said court, 1881, that the plaintiff was insisting on a judgment; and that said Karsner never received said Brandon's letter."

The plaintiff in the judgment, being made a defendant to the petition, filed a demurrer to it, assigning fifteen specific grounds of demurrer; among which were, that the facts stated did not negative negligence on the petitioner's part in the defense of the suit at law, and did not show that, on another trial, he could successfully defend against the assignee of the bonds. The court overruled the demurrer, and an answer to the petition was then filed by said plaintiff, denying some of its material allegations; but, as the decision of this court is based on the insufficiency of the petition, the answer requires no notice. On the hearing of the petition, with the evidence adduced, the court granted the petition, set aside the judgment, and ordered a new trial of the original cause; and this order or judgment, to which the plaintiff reserved a bill of exceptions, he now seeks to vacate by his application to this court for a *mandamus*.

DAVID P. LEWIS, for the application.

JOHN D. BRANDON, *contra*.

STONE, J.—The present record makes a case of great hardship, but it is beyond our power to relieve it. The petition fails to show that the petitioner was free from fault and neglect in failing to make his defense. When the chancery case was decided against him, that gave him notice that he had lost the lands for which the notes or bonds were given. Losing the lands, the notes were without consideration. He should then have looked after the defense of the suit at law. The demurrer to his petition should have been sustained.—*Ex parte Walker*, 54 Ala. 577; *Beadle v. Graham*, 66 Ala. 102.

The writ of *mandamus* will be granted, commanding the Circuit Court of Madison county to set aside and vacate the order granting a rehearing, unless that court, on being informed of this ruling, itself make the order.