## Rice & Wilson *v.* Tobias.

*Bill in Equity for Injunction against Judgment at Law.*

1. *Injunction of judgment at law.*—A court of equity will enjoin a judgment, which purports to have been rendered by default, on averment and proof, as in this case, that the defendant was not served with process, and that he had a good and meritorious defense to the action.

2. *Objections to evidence; waiver of.*—Objections to evidence in a chancery case, which were not raised in the court below, can not avail in this court, either for the purpose of putting the lower court in error in admitting the evidence, or having it excluded by this court in passing on the sufficiency of the evidence to sustain the decree.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 14th October, 1886, by W. W. Tobias, against Rice & Wilson, a partnership; and sought to perpetually enjoin a judgment at law which the defendants had obtained against said Tobias and S. B. Matthews, as late partners doing business under the name of Matthews & Tobias. The bill alleged, as grounds of relief against this judgment, that the complainant was not served with process in the suit, and had no notice of it, and that he had a valid defense to the action, having been released from the debt by Rice & Wilson, the plaintiffs therein. The judgment was rendered by default on the 13th June, 1882, and the sheriff's return on the summons showed due service on each of the defendants. An answer was filed by Rice & Wilson, denying the alleged release on positive knowledge, and averring the due service of process on information and belief. On final hearing, on pleadings and proof, the court rendered a decree for the complainant, perpetually enjoining the judgment as prayed; and this decree is here assigned as error.

[Rice & Wilson v. Tobias.]

E. P. MORRISSETT, for appellant.

A. A. WILEY, *contra.*

McCLELLAN, J.—When this case was here on a former appeal, it was settled, that the equity of the bill depended upon the establishment of two facts: (1) that the judgment sought to be enjoined was taken by default, without the service of any process on the complainant, Tobias, who was a defendant in the judgment; (2) that the debt upon which the judgment was rendered had been discharged by release prior to the recovery.—*Rice & Wilson v. Tobias*, 83 Ala. 348. On a second hearing in the City Court, the chancellor found the existence of both of these facts, and rendered a final decree perpetually enjoining the judgment at law. The present appeal brings under review the correctness of these conclusions on the facts. From a careful examination of the record, our opinion is, that a clear preponderance of the testimony supports the finding as to each fact, and hence sustains the decree rendered.

The complainant himself testified, unequivocally, emphatically, and consistently, that Rice & Wilson released him from all liability in respect to their claim against Matthews & Tobias, and agreed to look solely to Matthews, who continued, in his own name, the business in which the debt was incurred; and this he does with a degree of circumstantiality, so to speak, calculated to induce belief. He is directly supported by Matthews, whose interest lay in defeating the release, who also testified that, in their efforts to collect from him by compromise, or otherwise, Rice & Wilson, after the time of the alleged release, never mentioned Tobias as being also bound for the debt. He is also supported by the pregnant circumstance, that the affidavit to the account on which judgment was had was first written so as to have reference alone to a liability of Matthews, and interlined so as to include complainant. He is also supported by the testimony of Sheriff Herbert, to the effect that, when approached by him in regard to the execution on the judgment, the complainant at once said that it was no debt of his, but that of Matthews; that the whole matter had been turned over to Matthews; that he had no further interest in it; and that Rice & Wilson understood, and could tell him all about it. The theory of release derives plausibility also from the consideration, that it was not an improbable thing to be done

[Rice & Wilson v. Tobias ]

under the circumstances, involving as they did the insolvency of Tobias, his turning over all his interest in the stock of goods to Matthews, and the latter's expectancy, known to Rice & Wilson, that he would receive a very considerable property from his mother. Against all these facts and circumstances is offered only the confused, unsatisfactory, and inconsistent testimony of Wilson. We do not hesitate to affirm, on this showing, that the fact of release is fairly and clearly shown.

In considering the question as to whether service of the summons and complaint, on which judgment was had, was ever made on Tobias, the fact of the release is pertinent and important. It appears that Tobias was very solicitous to procure the release. The judgment was by default. Is it at all reasonable to suppose that he, having a perfect defense to the action, and having been to the trouble to acquire that defense, would have allowed judgment to go against him, had he known of the pendency of the suit? We think not. This consideration, therefore, strengthens his positive denial, that service was ever made on him. Moreover, it is shown beyond controversy, that he was not in the county of Montgomery on the day, nor for two days before, nor for a day after, the service purports to have been made on him. The conduct of Tobias, before and after judgment, is wholly inconsistent with the theory of service. In support of the service is the return made by the deputy-sheriff, which could not have been entered for more than two weeks after the writ purports to have been executed, and which is clearly falsified, as we have seen, as to the date of service. The testimony of the deputy, taken all together, amounts to no more than an affirmation that personal service was made, based on the custom and usage of the sheriff's office, and of himself, to make personal service in all such cases, and to return no process as so executed without personal service. It was shown, on cross-examination, that this witness had no independent recollection whatever of the service on Tobias. His testimony was weakened, moreover, by the admission, that it was the habit of the sheriff's office to send process for service by persons not connected with the office, and enter returns on their statement that copies had been left with defendant, &c.; and that he could not say he actually served every paper put in his hands to be served, and which purported by the return to have been served by him. We think this testimony insufficient to overturn the strong show-

[Dollins & Co. v. Lindsey & Co.]

ing made by complainant's evidence against the fact of service; and we accordingly concur with the chancellor in holding, that this part of complainant's case, as well as the fact of release, is made out.

The sixth assignment of error based on the supposed incompetency of certain evidence, can not be sustained. It is immaterial whether the evidence was competent or not. No objection was made to it in the court below, and no ruling invoked or had on it. Such objections will not avail, when taken for the first time in this court, either for the purpose of putting the lower court in error in admitting the testimony, or for the purpose of having this court exclude it in passing upon the sufficiency of the proof to support the decree.—*Seals v. Robinson*, 75 Ala. 363; *Binford v. Dement*, 72 Ala. 491; *Glennon v. Mittenight*, 87 Ala. 455.

The decree of the City Court is affirmed.