# Seymour v. Farquhar & Son.

*Application for Rehearing after Judgment at Law.*

| 95　527 |
| 99　378 |

1. *Rehearing at law after final judgment; amendment of petition, and substitution of lost papers.*—A judgment of the appellate court, on application for *mandamus*, vacating and annulling an order granting a *supersedeas* and rehearing after final judgment, or requiring the lower court to vacate and annul it, because it was rendered in vacation, leaves the petition itself still pending and unaffected; and it is the duty of the lower court to proceed with it, hearing demurrers, allowing proper amendments, substitution of lost papers, &c., as in other cases.

APPEAL from the Circuit Court of Fayette.
Tried before the Hon. SAM. H. SPROTT.

JOHN B. SANFORD, and A. B. McEACHIN, for appellants.

McGUIRE & COLLIER, *contra*.

COLEMAN, J.—Farquhar & Son recovered a judgment in trover against appellants. Under sections 2872 and 2873 of the Code, the defendants applied for a rehearing. In

[Seymour v. Farquhar & Son.]

vacation, the judge presiding granted a rehearing in accordance with the petition, and directed the clerk to issue a *supersedeas*, or restraining order, to restrain the collection of the execution issued upon the judgment. Upon application to this court, the order of the judge granting a rehearing in the cause, and ordering a *supersedeas* or restraining order, was held to have been improperly made in vacation, and that the facts averred in the petition should have been heard and tried at the next term of the court, as provided in section 2876 of the Code. At the following term of the Circuit Court of Fayette county, in which the judgment had been recovered, the petitioners for a rehearing moved the court for leave to amend the petition as set out in the proposed amendment, and also for leave to substitute certain papers which, according to the averments of the motion, were a part of the original petitition for a rehearing, and which in transmission to the judge were lost. The court refused to grant the amendment to the petition, or to consider the evidence offered to show the loss of a part of the papers of the original petition; holding that, under the order of the Supreme Court, the trial court had no discretion or further jurisdiction than to vacate the order granting the rehearing, and to dismiss the petition. From the action of the court refusing to allow the amendment and the substitution of the papers, and from the judgment vacating the former order granting a rehearing and dismissing the petition, the present appeal is prosecuted.

When the case was here before, the decision of this court had no other scope or effect than to require that the order of the lower court, granting a rehearing and *supersedeas*, or restraining order, be annulled and vacated. It left the petition pending, to be heard at the first subsequent term of the trial court, under section 2876 of the Code. The statute requires the court to allow amendments of the pleadings, and it has been long held that a petition for a rehearing may be amended.—*Dothard v. Teague*, 40 Ala. 586. The statute provides for the substitution of lost or destroyed papers in any pending cause or proceeding, and for the notice to be given to the adverse party.—Code, §§ 657, 2734. An appeal lies from an order of the court refusing to grant a statutory rehearing after final judgment at law.—*O'Neal v. Kelly*, 72 Ala. 559; 40 Ala. 586.

It might give certain facts set up in the petition and proposed amendments undue weight, if they were specifically pointed out and discussed in this opinion. The ruling of the trial court was not in accord with the principles herein

[Jones v. Hagler.]

declared. The court should allow all proper amendments to the petition, pass upon all demurrers, if any, which raise the question of the sufficiency of the petition, or have the issue of fact tried and determined as it may direct, under section 2876 of the Code.

Reversed and remanded.