# *Ex parte* **Farquhar & Son.**

## *Application for Mandamus.*

1. *A judge can not dismiss petition for re-hearing.*—The jurisdiction to finally hear and determine a petition for re-hearing, being conferred by statute (Code; § 2876) upon the Circuit Court, and not upon the judge, the judge has no authority to dismiss such a petition.

2. *Amendments to petition relate back to the time of original filing.* The substitution of lost portions of a petition, and the allowance of amendments thereto, when lawfully granted, relate back to the time the original petition was presented, and become parts of that petition, as and of that date.

3. *Suspension of execution necessary pending re-hearing; right of court to grant the same.*—A supersedeas granted on an application for re-hearing having been set aside by the direction of this court, a judge of the Circuit Court, on proper application, should grant another supersedeas, pending the petition for rehearing; suspension of execution of the judgment being necessary.

4. *Demurrers to a petition for re-hearing and rulings on the pleadings and evidence can not be considered on application for mandamus.*—On an application for *mandamus*, to show cause why a supersedeas granted by a judge of the Circuit Court should not be vacated, and the petition for re-hearing dismissed, this court can not consider the rulings on demurrer to the petition, and on the pleas and evidence in the case.

APPEAL from Circuit Court of Fayette.
Tried before the Hon. S. H. SPROTT.

On August 30, 1890, A. B. Farquhar & Son recovered a judgment in an action of trover, against I. and A. I. Seymour and W. S. Metcalf. On the 26th September, 1890, under section 2870 of the Code, the defendants in said trover suit made an application in writing for a re-hearing and for supersedeas of said judgment to the Hon. S. H. Sprott, judge of the 6th judicial circuit. This application was made in vacation. The plaintiffs in the original suit, A. B. Farquhar & Son, appeared before said judge in vacation, in pursuance of a notice of said application, and defended against the granting of the prayer of said petition, by demurrers to the said petition, and by counter affidavits in writing. On October 13th, 1890, the said judge, in vacation, issued an order, endorsed on the back of said application, granting the said defendants a re-hearing in said cause and a supersedeas of said judgment, conditioned upon their filing bond therefor, approved by the clerk of said court, which bond defendants refused to make. The said Farquhar & Son, at once applied to the Supreme Court for a *mandamus* to compel the said judge to vacate the order granting the supersedeas and re-hearing, and to dismiss the petition for re-hearing. On February 12, 1891, this court issued a *mandamus* to said judge commanding him to vacate and set aside said order granting the re-hearing and the supersedeas of the judgment. At the Spring Term, 1891, of said Circuit Court, on motion of said A. B. Farquhar & Son, the said Hon. S. H. Sprott, as judge, made an order vacating and setting aside the supersedeas and re-hearing previously granted, and dismissed said original petition for re-hearing, endorsing the following order thereon: "The within petition is hereby dismissed, and the order heretofore granted on the 13th day of October, 1890, granting a supersedeas and re-hearing is hereby vacated, annulled and set aside. S. H. Sprott, judge presiding." No appeal was ever taken from this last named order. At the same term of said Circuit Court, after the vacation of said former order and dismissal of the petition, the defendants appeared before the court, and moved to amend their original petition and attach additional affidavits thereto in support of their original application, and at the same time again submitted to the court their petition for re-hearing. The court dismissed said petition for re-hearing, refused to entertain defendant's motion to amend their original petition and to substitute their affidavits, and also dismissed the same out of court.

[Ex parte Farquhar & Son.]

The defendant thereupon took an appeal to this court from said judgment dismissing said petition and refusing said motion; and this court reversed the same.

At the Spring Term, 1892, of said Circuit Court, after the reversal of said cause, the defendants again renewed their application for re-hearing and also their motion to amend and substitute, submitting the same on the motion to the "court," and moved the "court to hear and determine this motion." The court granted the amendment and substitution, but did not "hear and determine" the application for re-hearing, nor did the court take any other further steps in said case at that term of the said court. Afterwards, on March 28, 1892, defendants filed with the clerk of said court a notice directed to the plaintiffs, (the present petitioners), that on July 16, 1892, an application for re-hearing would be made by them, under sections 2872 and 2873 of the Code, before the Hon. S. H. Sprott at Livingston, Ala.; and on July 11th, said notice and copy of said proposed application was served on present petitioners. On July 16th, at Livingston, before the said judge, in pursuance of said notice, the plaintiffs, the present petitioners, appeared and filed pleas, demurrers, affidavits and counter proofs against said application. They also made a motion to dismiss and quash the petition for re-hearing. On August 15, 1892, the judge overruled the motion to dismiss the petition and the demurrers thereto, granted the relief prayed for, and ordered the clerk to issue a writ of supersedeas restraining the collection of said judgment in said cause.

The present proceeding was commenced by a petition by said A. B. Farquhar & Son, addressed to this court, praying for an alternative writ of *mandamus* commanding the said judge to appear and show cause why he should not be required to vacate and set aside said supersedeas and dismiss said application for a re-hearing; and that on a final hearing of said petition, this court would issue an order vacating the order of the said judge granting the supersedeas and finally dismissing the said petition for rehearing.

McGUIRE & COLLIER, for petitioner, cited, 50 Ala. 9; *Martin v. Hudson*, 52 Ala. 281; *Ex parte Walker*, 54 Ala. 577; *Ex parte Wallace*, 60 Ala. 267; *Blood v. Beadle*, 65 Ala. 103; *Ex parte O'Neal*, 72 Ala. 560; *Ex parte Johnson & Scats*, 60 Ala. 430; 3 Brick. Dig. p. 677, § 21; *Seymour v. Farquhar*, 95 Ala. 527; Code, §§ 2872–2876.

HEAD, J.—The matter complained of in this application was virtually adjudicated by this court in the case of *Seymour et al. v. Farquhar et al.*, 95 Ala. 527; 10 So. Rep. 650. It was there determined that the Circuit Court, as a court in term time, had authority to order substitution of lost portions of the petition of Seymour and others for a rehearing, under the statute, Code, § 2872, *et seq.*, and to allow amendments of the petition. The original petition was presented to the judge of the Circuit Court within four months after the rendition of the judgment sought to be reheard. The judge acted upon it, and granted an order for a supersedeas, which he had authority to do under the statute. He took a step further, however, which was beyond his jurisdiction or authority, and granted the petitioners a re-hearing. For the manifest reason that the jurisdiction to finally hear and determine the petition, and grant or refuse the rehearing prayed is, by the statute, conferred upon the Circuit Court and not upon the judge, this court, upon *mandamus*, directed that the said action of the judge be vacated and set aside. Accordingly, on March 7th, 1891, Judge Sprott made an order setting aside the order for a supersedeas and rehearing which he had previously granted. He again, however, in the same order, took a further step, which was without his jurisdiction as a judge, and ordered that the petition be dismissed. This order of dismisal is attempted to be made one of the supports of the present petition for *mandamus*. It was manifestly void for want of authority in the judge to make it, and can exert no influence upon this proceeding. He could no more dismiss the petition than he could grant the relief it prayed, which we decided in the former *mandamus* proceeding he could not do. At the following term of the Circuit Court of Fayette County, the court made and entered an order dismissing the petition for re-hearing, and, on appeal to this court, that order was reversed, and the cause was remanded to the Circuit Court for further proceedings. The case, then, was one pending in the Circuit Court for its adjudication. While so pending, the court, at the Spring Term 1892, substituted certain alleged lost portions of the original petition and allowed certain amendments, both of which, we held in *Seymour et al. v. Farquhar et al.*, *supra*, it had power to do. The substitution and allowance of the amendments, being lawfully granted, had relation to the time the original petition was presented to the judge, and became parts of that petition as and of that date.

We observe that in the former proceeding for *mandamus* the mandate of this court to the circuit judge was, inadver-

[Birmingham Trust & Savings Co. v. Louisiana National Bank.]

tently, we doubt not, made broad enough to require that he set aside the order for a supersedeas, as well as the order improperly granting a rehearing; and it was accordingly set aside in obedience to that mandate. This being so, the petitioners for a re-hearing gave notice to the plaintiffs in judgment that they would, on a day named, apply to the judge for an order for a supersedeas. Both parties appeared before the judge on the day named, and the application was, as shown by recital in the judge's entry, regularly continued until August 15th, 1892, when an order for a supersedeas was granted. We do not doubt the authority of the judge in that behalf. Suspension of execution of the judgment was necessary pending the petition for a re-hearing, and the supersedeas previously granted having been set aside by the direction of this court, we see no reason why the judge could not thereafter grant another. But whether such action was authorized or not, it could in no wise affect or impair the jurisdiction which the Circuit Court had acquired of the case made by the petition pending therein for a rehearing.

Much of the argument of petitioner's counsel is addressed to supposed errors of the court in its rulings upon demurrers to the petition for re-hearing, and upon the pleas and evidence in the cause. These are questions which can not arise upon application for *mandamus*. If such errors intervened they could have been corrected on appeal. The petition for rehearing contained sufficient averments, under the statute, to confer upon the court jurisdiction of the subject-matter; and the judgment rendered can not be set aside by *mandamus* for errors intervening upon the trial.

*Mandamus* denied.