(75 South. 304)

INGRAM, Probate Judge, v. ALABAMA POWER CO. (7 Div. 851.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied May 17, 1917.)

1. MANDAMUS ⬅4(4)—REMEDY BY APPEAL—VACATION OF JUDGMENT.

Under Code 1907, § 5372, providing that, when a party has been prevented from making his defense by surprise, accident, mistake, or fraud, he may apply for a rehearing at any time within four months, the proper practice is to appeal from orders, judgments, or decrees denying or refusing applications for rehearing, since the order or judgment is final; but, when the application is erroneously granted, the order is not final, but restores the case to the docket for a new trial, and, there being no judgment to support an appeal, the proper remedy is by mandamus to compel annulment of the improper orders and restoration of the judgment or decree erroneously set aside.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 11, 16.]

2. JUDGMENT ⬅407(2)—EQUITABLE RELIEF—EXCLUSIVENESS OF STATUTORY REMEDY.

The statutory remedy under Code 1907, § 5372, authorizing rehearings at any time within

---

four months after judgment, is not exclusive of the remedy afforded by equity, and resort may be had to equity, without even showing an excuse for not resorting to the statutory remedy.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 769.]

**3. JUDGMENT ☞384—SETTING ASIDE—SUFFICIENCY OF PETITION OR APPLICATION.**

A proceeding under Code 1907, § 5372, is the institution of a new action, suit, or proceeding, and the petition or application to set aside the judgment and grant a rehearing must state facts sufficient to warrant such relief, and must in legal effect follow the language of the statute.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 727–732.]

**4. EQUITY ☞392—NEW TRIAL ☞7—NECESSITY OF GOOD DEFENSE.**

It is a rule, applicable alike in courts of law and equity, that a new trial or rehearing will never be granted to a defendant or respondent, unless it appears that he has a good defense, and therefore that the judgment on another trial would properly be different from the one set aside.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 834–851; New Trial, Cent. Dig. § 18.]

**5. JUDGMENT ☞384, 460(10)—SETTING ASIDE —PLEADING OR PROOF.**

While a court of equity or a court of law, acting under the statute, will set aside a judgment rendered without proper notice, the applicant must both allege and prove want of notice and that he has a meritorious defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 727–732, 890.]

**6. JUDGMENT ☞384—SETTING ASIDE—SUFFICIENCY OF APPLICATION.**

It was error to set aside a final order or decree of condemnation on the ground that no notice or process was served on the defendant, where the petition and application for a rehearing made no attempt to show that there was any meritorious defense to the proceeding to condemn.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 727–732.]

**7. PROCESS ☞149 — SHERIFF'S RETURN AS PRIMA FACIE EVIDENCE.**

A sheriff's return is always at least prima facie evidence of the fact, even in his own favor or against third persons.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205.]

**8. PROCESS ☞141 — CONCLUSIVENESS OF SHERIFF'S RETURN.**

A sheriff's return is conclusive in the action in which it was made, and is conclusive against the sheriff in an action to which he is a party, but not in his favor.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 189–192.]

Appeal from Circuit Court, Clay County; Marion H. Sims, Judge.

Mandamus by the Alabama Power Company against F. J. Ingram, as Judge, etc. From the final order in favor of applicant, the probate judge appeals. Affirmed.

Appellee, on the 29th day of October, 1915, obtained in the probate court of Clay county an order or decree of condemnation of a right of way across the lands of one J. M. Steverson. The proceedings of condemnation were regular on their face, and recited that notice of the proceedings and of the day set for their hearing was by the sheriff duly served upon the owner of the land, J. M. Steverson, on the 13th day of October, 1915; but no appearance was ever entered by Steverson, and the necessary and proper orders of and for condemnation were made by the probate court on the day set, the proceedings culminating in a final order or decree of condemnation confirming the report of the commissioners.

On the 27th day of December, 1915, two months after rendition of this final order or decree, Steverson applied to the probate court to set aside the order of condemnation, because of a false return of the sheriff, alleging that no notice or process was served on him, and that he had had no other notice thereof. This application to set aside the judgment, order, or decree was made under the four months statute (section 5372 of the Code). Notice of this application to set aside the judgment and grant a rehearing was served on appellee. Appellee corporation appeared and demurred to the petition or application, assigning various grounds, among which were these: That the court was without jurisdiction or power to award the relief prayed, and that the petition or application did not state facts sufficient to warrant the relief asked, even had the court such jurisdiction; the demurrer particularly pointing out the defects or insufficiencies of the petition or application.

The probate court overruled the demurrer, and on the 15th day of January, 1916, set aside the order or decree of condemnation, and awarded a rehearing or new trial. Appellee thereupon applied to the circuit court of Clay county for a writ of mandamus compelling the probate judge of Clay county to annul his order setting aside the order or decree of condemnation and granting a rehearing or new trial. The probate judge appeared on the order of the circuit court, to show cause, etc., and a hearing was had, and the mandamus made final, commanding the probate judge to annul his former order granting a rehearing under the four months statute; and from this final order the probate judge prosecutes this appeal.

Riddle & Riddle, of Talladega, for appellant. Knox, Acker, Dixon & Stewart, of Talladega, for appellee.

MAYFIELD, J. [1] It has been definitely settled by this court that the proper and appropriate practice is to appeal from orders, judgments, or decrees which deny or refuse applications for rehearing made under the four months statute, because such order or judgment is final, disposing of the application and the judgment sought to be set aside; but, if the application to set aside the judgment and grant a rehearing is erroneously made, the order is not final, because it does not dispose of the case, but restores it to the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

docket for a new trial. In such case there is no judgment to support an appeal, and hence errors (if such have intervened) could not be reviewed or corrected on appeal. This being true, the proper and appropriate practice and remedy is by mandamus to compel annulment of improper orders, and restoration of the judgment or decree erroneously set aside, thus preventing a rehearing or new trial. Ex parte North, 49 Ala. 385; Ex parte O'Neal, 72 Ala. 560; O'Neal v. Kelly, 72 Ala. 559; Heflin v. Rock Mills, 58 Ala. 613; Chastain v. Armstrong, 85 Ala. 217, 3 South. 788; Seymour v. Farquhar, 95 Ala. 528, 10 South. 650; Brazel v. New South Coal Co., 131 Ala. 418, 30 South. 832.

The section of the Code under which the probate judge acted in setting aside the judgment of condemnation and awarding a rehearing, otherwise known as the "four months statute," reads as follows:

"5372. * * * When a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for rehearing at any time within four months from the rendition of the judgment."

[2] The origin, object, purpose, and effect of this statute has been frequently stated by this court. It is said that the purpose of the Legislature, in its enactment, was to afford to litigants in courts of law a remedy concurrent with, but less expensive and more expeditious than, similar relief theretofore available only in a court of equity. The statutory remedy is purely concurrent with that afforded by a court of equity, and is not at all exclusive of the latter, to which resort yet may be had, without even showing an excuse for not resorting to the former. Evans v. Wilhite, 167 Ala. 587, 52 South. 845.

[3] The statutory remedy in the court of law which renders the judgment sought to be set aside is the institution of a new action, suit, or proceeding, and not the mere prolongation of the one theretofore instituted in such court, culminating in the judgment sought to be set aside. The petition or application to the court to set aside the judgment and grant a rehearing must, of course, state facts sufficient to warrant the setting aside or annulling of a solemn judgment of a court of record, as the relief sought is the same as would be awarded by a court of chancery on a proper bill filed for that purpose; and as the remedy is concurrent with another, the petition or application must, of course, state the same, or similar facts which a bill in equity for that purpose would be required to state. The petition must follow in legal effect, though not in hæc verba, the language of the statute, which a bill in equity must do, and of course must be filed within four months from the rendition of the judgment sought to be set aside—which is not true as to a bill in equity filed for that purpose. The rules of pleading and practice under the statute, and those in chancery, are analogous and similar, but of course not the same in wording.

The substance of the bill in equity, and that of the petition under the statute, however, must be the same, to warrant the relief of a rehearing. It will also be observed that the statute does not attempt to say what the petition or application shall contain, but merely states the grounds or causes for which the rehearing may be granted.

[4, 5] It is a rule, applicable alike in courts of law and courts of equity, that a new trial or rehearing will never be granted to a defendant or respondent, unless it be made to appear that he has a good defense, and therefore that the judgment on another trial would probably be different from the one set aside. It would be wholly useless to set aside a judgment, when, so far as it is made to appear, the judgment rendered was correct, and on another trial a like judgment would be rendered. While a court of equity, or a law court acting under the statute, will set aside a judgment rendered without proper notice against a party to the suit, yet such party must both allege and prove want of notice, and that he has a meritorious defense. Fields v. Henderson, 161 Ala. 535, 50 South. 56; McDonald v. Cawhorn, 152 Ala. 357, 44 South. 395; Dunklin v. Wilson, 64 Ala. 162; Rice v. Tobias, 89 Ala. 214, 7 South. 765.

[6] It has been frequently held by this court that in order for a bill to contain equity to set aside a judgment for want of service, or to set aside a judgment by default, and award a new trial, it must be alleged and shown that the party complaining has a meritorious defense. Rice v. Tobias, supra; Dunklin v. Wilson, supra; Beadle v. Graham, 66 Ala. 102; Cromelin v. McCauley, 67 Ala. 542. We can see no reason why the same rule should not prevail in the application for a rehearing under the four months statute.

The petition and application for rehearing in this case made no attempt to show that there was any meritorious defense to the proceeding to condemn, or that the same result would not be attained on the next trial. For this reason the action of the probate court was erroneous in setting aside the order and judgment of condemnation, and the circuit court properly awarded mandamus commanding the probate judge to set aside and annul his erroneous order awarding a rehearing, and restore the order or judgment of condemnation.

We do not mean to hold that Steverson is without remedy, if his land has been wrongfully condemned without notice to him. We have said enough here to show that he is not without remedy; but before he can resort to the one here attempted he must allege and prove that he has a meritorious defense to the proceedings to condemn. In this case, as before stated, the record in the probate court showed that the owner of the

land was served with notice, and showed it in the proper manner by the sheriff's return. Without now deciding whether that return could be impeached in the manner here attempted, we merely call attention to what has often been said by this court and other courts on the subject of impeaching the return of service made by a sheriff to process.

In the case of Jefferson County Savings Bank v. McDermott, 99 Ala. 79, 81, 82, 10 South. 154, 155, it is said:

"The practice in the courts of this state of granting leave to a sheriff to amend his return of process, so that it may conform to the facts, is well established and is approved. Wilson v. Strobach, 59 Ala. 488; Daniels v. Hamilton, 52 Ala. 105; 3 Brick. Dig. 745; 2 Brick. Dig. 456. A different question is presented when it is sought to compel the sheriff to change his return as to a matter of fact, or to have the court to substitute its finding as to the facts of the service of process in the place of the officer's return. When the officer does not consent to the proposed correction, and the application is contested, a separate issue is presented for trial. It seems that the courts have regarded it as a matter of necessity to give credence to the official return of the service of process, in order to avoid the embarrassments of turning aside to try such collateral issues; and that a party who has been injured by a false return cannot dispute it in that case, but must seek redress by proceedings against the officer. Brown v. Turner, 11 Ala. 752; Crafts v. Dexter, 8 Ala. 767 [42 Am. Dec. 666]; Martin v. Barney, 20 Ala. 369; Boas v. Updegrove, 5 Pa. 516, 47 Am. Dec. 425; Vastine v. Fury, 2 Serg. § R. [Pa.] 426; Bolles v. Bowen, 45 N. H. 124; 2 Freeman on Executions, §§ 358–369; Murphree on Sheriffs, § 868. It is not necessary to determine whether or not such absolutely conclusive effect must always be accorded to a sheriff's return in the case in which it is made; for, without deciding that question, the action of the city court in refusing to disturb the return in this case may be sustained. By whatever procedure a return is impeached, if the attack against it is sustained, the result is to render the officer who made it liable in damages to the party who may have suffered injury in consequence of its falsity. In the present case, for instance, if it is a fact that the process was not served on the defendants until after the service of the writ of attachment sued out by the bank, the sheriff would be liable to the bank for any injury resulting to it from the falsity of the return; and, if the correction is made in this case, he might also be liable to the complainants for the failure to serve their process with proper diligence. The issue presented was one in which the sheriff was materially interested. He was a necessary party to any proceeding for the determination of the question."

[7, 8] A sheriff's return is always at least prima facie evidence of the fact, even in his own favor or against third persons, because it is the official act of a public and sworn official, to which faith ought to be given. 1 Phil. Ev. 313; 19 Vin. Return, part. 34. It is conclusive in the action in which it was made. 19 Vin. Return, pl. 15; Wilson v. Hurst, 1 Pet. C. C. 441, Fed. Cas. No. 17,809. But, in an action to which the sheriff is a party, it is in all cases conclusive against him, but not in his favor; for in an action against him for a false return, the plaintiff may falsify it (Purrington v. Loring, 7 Mass. 388; Gardner v. Hosmer, 6 Mass. 325); although, where he is a party, he cannot falsify it, as in Shewel v. Fell, 4 Yeates (Pa.) 47, where it is said, the assertion that a sheriff or other ministerial officer may explain or contradict his return of goods levied, lands sold, or in custody, in suits brought against him, while the return remains unaltered and in force, seems strange and unwarrantable; and that, if there be any mistake, the proper course would be an application to the court to amend. Brownfield v. Com., 13 Serg. & R. (Pa.) 267; 7 Mayf. Dig. 831. There is nothing said in the case of Ex parte Farquhar & Son, 99 Ala. 375, 11 South. 913, contrary to what we now decide. That case was on appeal here several times. See other reports of the case referred to in the opinion in 99 Ala. 375, 11 South. 913 et seq.

It is very true that rulings on pleadings or evidence will not be reviewed or raised on mandamus, but on appeal only; but when an order is granted setting aside a judgment and awarding a rehearing, an appeal will not lie, and if the order was erroneous it must be corrected by mandamus, as was done in this case. We find no error in the record, and the judgment of the circuit court is here made final and in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.