(123 So. 274)

## GOOLSBY v. STATE. (4 Div. 404.)

Court of Appeals of Alabama. March 19, 1929.

Rehearing Granted June 29, 1929.

C. B. Fuller, of Opp, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This appeal is from a judgment of conviction in the circuit court pronounced and entered against this appellant upon the charge of failing to work the public road. The prosecution originated in the justice of the peace court, and, from the judgment of conviction therein rendered, an appeal was taken to the circuit court of Covington county.

There appears no conflict in the evidence, adduced upon this trial, which tended to show (1) that the defendant (appellant) had been duly apportioned by the properly constituted authorities to work upon the road in question; (2) that he was liable to road duty; (3) that he was duly and legally warned to work upon the public road, time and place being designated; (4) that notwithstanding said warning he willfully failed or refused to work upon said road, either in person or by substitute, this without legal cause or sufficient excuse. The tendency of this undisputed evidence was to make out every element of the offense charged, and was ample to justify the jury in rendering the verdict finding the defendant guilty.

No brief has been filed in behalf of appellant, but this court has examined the several exceptions reserved to the court's rulings pending the trial. We, however, discover no error of a reversible nature in any of these rulings. The record appears regular and without apparent error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.

### On Rehearing.

Application for rehearing granted. Reversed and remanded, upon authority of Goolsby v. State, 22 Ala. App. 654, 119 So. 597.

Application granted.
Reversed and remanded.

(123 So. 278)

## JOHNSON v. NATIONAL UNION FIRE INS. CO. OF PITTSBURG, PA. (1 Div. 808.)

Court of Appeals of Alabama. June 29, 1929.

Joe M. Pelham, Jr., of Chatom, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

SAMFORD, J. The appellant (plaintiff in the court below) brought suit on a policy of insurance. Demurrer was filed to the complaint. At the time the cause was called for trial, the defendant being called came not, but made default. Judgment was entered nil dicit. Subsequently during the same term of the court the defendant filed its motion for a new trial under sections 9518 and 9521 of the Code of 1923. The trial court entered an order granting the motion and restoring the cause to the docket. From this order plaintiff prosecutes this appeal. Motion is here made to dismiss the appeal.

As we see it, the question is settled by the decision in Ex parte Gay, 213 Ala. 5, 104 So. 898, in which it is held that this court has no jurisdiction to entertain an appeal in cases of this character. If the appellant has a remedy, it is by mandamus.

Appeal dismissed.