(129 So. 293)

**THOMAS v. WINTER CONST. CO. et al.**

8 Div. 949.

Court of Appeals of Alabama.

June 17, 1930.

F. E. Throckmorton, of Tuscumbia, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

BRICKEN, P. J.

The submission of this cause in this court was taken upon "motion and merits." We are of the opinion the motion to dismiss the appeal is well taken and must be sustained.

It appears from the record that the appellant here brought an attachment suit in the circuit court of Colbert county against the appellees upon the theory that appellees were nonresidents of the state of Alabama. The attachment was levied upon certain personal

property alleged to have been the property of the appellees. Thereafter, and on, to wit, the 17th day of April, 1929, the trial court entered a judgment by default for the plaintiff and against the defendants in the court below. Thereafter the appellees here filed a petition to set aside the judgment in the cause and to grant unto appellees a new trial under section 9521 of the Code of Alabama commonly known as the "four months statute."

After a hearing upon this petition, the court granted same on, to wit, the 10th day of August, 1929, and set aside the judgment by default.

The appellant here, the plaintiff below, then prosecuted this appeal.

■ The motion to dismiss the appeal in this case is based upon the theory that the order of the trial court setting aside the default judgment is not an order from which an appeal lies. That it is not a final decree or judgment in the case, but is merely an interlocutory decree. In other words, it is insisted it is merely a decree setting aside the former judgment and restoring the case to the docket for trial, and that therefore the only remedy of the appellant, if any, is by mandamus.

This proposition appears to us to be sound. It has been so held in numerous recent decisions, some of which are as follows:

In the case of Ex parte Gay, 213 Ala. 5, 104 So. 898, 899, after a nil dicit judgment against the defendant, the defendant filed a motion to set aside the judgment, which motion was overruled. The court held that the remedy of the defendant in that case was mandamus and not appeal. In this case the court said:

"But the point is taken, and in our judgment well taken, that the Court of Appeals was without jurisdiction in the premises, for the reason that the order overruling the motion to set aside the judgment was not an appealable order, nor was it assignable as error on appeal from the judgment nil dicit; the sufficient reason for this last conclusion being that the order was made—necessarily so—after the entry of judgment. The right of appeal is controlled by the statute, and the statute makes no provision for review of an order granting or overruling a motion to set aside a judgment nil dicit. The ruling of the trial court on the motion was no more the subject of review on appeal than was a ruling on a motion for a new trial prior to the statute authorizing appeals in the last-named case. Allen v. Lathrop-Hatton Lumber Co., 90 Ala. 492, 8 So. 129. Act Feb. 16, 1891 (Acts, p. 779; section 6088 of the Code of 1923) authorized appeals from decisions granting or refusing motions for new trials; but it was held, narrowly perhaps, that this act applied only to cases in which there has been a trial of fact. Truss v. Birmingham,

etc., R. R., 96 Ala. 316, 11 So. 454. This interpretation has passed into two Codes, and cannot now be avoided by the courts. Colley v. Spivey, 127 Ala. 109, 28 So. 574; Baggett v. Alabama Chemical Co., 156 Ala. 637, 47 So. 102, where other cases are cited. The remedy, where it is alleged that the trial court, in the determination of a motion such as is here presented, abused the discretion lodged in it by law, is by mandamus. Brazel v. New South Coal Co., 131 Ala. 418, 30 So. 832; Ex parte Parker, 172 Ala. 136, 54 So. 572."

This court in the recent case of Johnson v. National Union Fire Insurance Company, 123 So. 278, 279, followed the Gay Case and dismissed the appeal upon practically the same state of facts as we have in the case at bar. In that case, Samford, J., in delivering the opinion of the court, used this language:

"The appellant (plaintiff in the court below) brought suit on a policy of insurance. Demurrer was filed to the complaint. At the time the cause was called for trial, the defendant being called came not, but made default. Judgment was entered nil dicit. Subsequently during the same term of the court the defendant filed its motion for a new trial under sections 9518 and 9521 of the Code of 1923. The trial court entered an order granting the motion and restoring the cause to the docket. From this order plaintiff prosecutes this appeal. Motion is here made to dismiss the appeal.

"As we see it, the question is settled by the decision in Ex parte Gay, 213 Ala. 5, 104 So. 898, in which it is held that this court has no jurisdiction to entertain an appeal in cases of this character. If the appelant has a remedy, it is by mandamus."

See, also, the case of Brown v. Brown, 213 Ala. 339, 105 So. 171, the trial court refused to set aside the default judgment, and it was held that this order of the court was not appealable but the remedy was by mandamus.

In the case of Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304, 305, the Supreme Court said:

"It has been definitely settled by this court that the proper and appropriate practice is to appeal from orders, judgments, or decrees which deny or refuse applications for rehearing made under the four months statute, because such order or judgment is final, disposing of the application and the judgment sought to be set aside; but, if the application to set aside the judgment and grant a rehearing is erroneously made, the order is not final, because it does not dispose of the case, but restores it to the docket for a new trial. In such case there is no judgment to support an appeal, and hence errors (if such have intervened) could not be reviewed or corrected on appeal. This being true, the proper and

552

appropriate practice and remedy is by mandamus to compel annulment of improper orders, and restoration of the judgment or decree erroneously set aside, thus preventing a rehearing or new trial. Ex parte North, 49 Ala. 385; Ex parte O'Neal, 72 Ala. 560; O'Neal v. Kelly, 72 Ala. 559; Heflin v. Rock Mills, 58 Ala. 613; Chastain v. Armstrong, 85 Ala. 217, 3 So. 788; Seymour v. Farquhar, 95 Ala. 528, 10 So. 650; Brazel v. New South Coal Co., 131 Ala. 418, 30 So. 832."

The same proposition has been held in a number of recent cases, some of which are as follows: Ex parte Kay, 215 Ala. 569, 112 So. 147; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879.

Attention is directed to the noncompliance by appellant to the requirements provided by Supreme Court Rules 10 and 13 relating to the preparation of appellant's brief and to the filing thereof on submission of the cause. The failure to comply with these provisions is grounds for dismissal.

In line with the foregoing, the motion to dismiss the appeal upon the grounds stated is sustained. Motion granted.

Appeal dismissed.