177 So. 652

## PARHAM v. STATE.
### 4 Div. 393.

Court of Appeals of Alabama.
Dec. 14, 1937.

J. B. Hicks, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was duly tried and convicted of the offense of rape, on April 1, 1937. He was on that date sentenced by the court to serve imprisonment in the. penitentiary for a term of ten years.

Thereafter, on July 31, 1937, appellant made a motion for a "rehearing" under, as he says, Code 1928, § 9521, commonly known as the "four months statute."

We are not able to find, specifically, that this statute has no application to convictions in criminal cases. But the said Code section, when read in connection with the other sections of article 19 of chapter 330 of the Code of 1928 (1923)—said article 19 (section 9520 et seq.) dealing with the subject of "New Trial on Release Found within' Two Years; Rehearing in Four Months"—seems clearly never to have been intended to apply to. criminal cases.

However that may be, it plainly appears that the "motion" filed in the instant case

did not measure up to the requirements—even assuming that a *proper* motion would lie. Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304.

So the action of the court in sustaining the state's demurrers to the said "motion" *could not* have been error prejudicial to appellant.

No other question is apparent, and the judgment is affirmed.

Affirmed.