189 So. 874

### Ex parte NEW HOME SEWING MACHINE CO.

### NEW HOME SEWING MACHINE CO. v. BENSON & CO.

### 4 Div. 96.

Supreme Court of Alabama.

June 15, 1939.

J. L. Murphy and Allen Cook, both of Andalusia, for petitioner.

Powell, Albritton & Albritton, of Andalusia, for respondent.

KNIGHT, Justice.

Original petition filed in this Court for writ of mandamus to be directed to, and commanding the Honorable Robert S. Reid,

as Judge of the Circuit Court of Covington County, to set aside and annul a judgment of said court, granting the defendant a new trial, or rehearing in the case of The New Home Sewing Machine Company v. Benson & Company, and restoring said cause to the trial docket of said court. The said petition for rehearing was filed under the provisions of Section 9521 of the Code.

The contention of the petitioner for rehearing was that the summons and complaint was not served upon any officer or agent of the defendant corporation, upon whom the statute authorized service might be had, in order to bring the corporation within the jurisdiction of the trial court. The petition also averred that the petitioner had a meritorious defense to the action; that it was prevented by surprise or mistake "without fault on its part or of any of its officers upon whom service of said summons and complaint could have been legally made."

It is averred in the petition that the summons and complaint was returned by the sheriff of Covington County, "Stating that it had been executed on that date (June 29, 1938) by leaving a copy of the written summons and complaint with Worth Gantt, as Secretary for Benson & Company, a corporation." It is further averred that said Gantt was not secretary of said defendant, and that the service upon him as such secretary "was and is totally insufficient as proper service on this petitioner and is therefore a nullity and void."

It is further averred that petitioner was not advised that such suit was pending in said court until after the rendition of said judgment by default nor within thirty days thereafter.

This petition for rehearing was duly presented to the Presiding Judge of said Circuit Court, and who presided upon the trial of said original cause, and it—the petition—was duly set down for hearing on a designated and fixed date, and due and proper notice was given the plaintiff in said judgment as the law directs in such cases. No irregularity in this respect is here complained of by the petitioner for mandamus.

■ It appears from the petition for mandamus that Judge Reid decided to entertain the petition and set the same down for hearing on a designated day, but

whether the judge did, or did not, require the execution of a supersedeas bond, which was jurisdictional, does not appear. We will not assume, in the absence of a proper showing to that effect, that a proper supersedeas bond was not required and given.

On the hearing of the petition for rehearing much evidence was given pro and con by the respective parties. At the conclusion of the hearing, Judge Reid granted the rehearing, set aside the judgment by default, and restored the case to the docket of the circuit court for new trial.

■ It has been firmly established in this jurisdiction that where the rehearing is granted, and the former judgment is set aside, the proper remedy to review the action of the court is by mandamus. This results for the reason that when the judgment is set aside, and the cause restored to the trial docket, there is no final judgment to support an appeal. Ingram, Probate Judge, v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Ex parte North, 49 Ala. 385; Ex parte O'Neal, 72 Ala. 560; O'Neal v. Kelly, 72 Ala. 559; Chastain v. Armstrong, 85 Ala. 215, 217, 3 So. 788; Seymour v. Farquhar, 95 Ala. 527, 10 So. 650; Brazel v. New South Coal Co., 131 Ala. 416, 30 So. 832.

■ While a court of equity, or a law court acting under the four months statute—Section 9521—will set aside a judgment rendered without proper service against a party to the suit, yet to secure such relief the aggrieved party must both allege and prove that he has a meritorious defense, and that he was prevented by surprise, accident, mistake, or fraud, without fault on his part, from interposing such meritorious defense to the action. He is required to allege and prove a meritorious defense for the reason that it would be idle and useless to set aside a judgment, when, so far as it is made to appear, the judgment rendered was correct, and on another trial a like judgment would be rendered. Ingram, Probate Judge, v. Alabama Power Co., supra; Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Fields v. Henderson, 161 Ala. 534, 535, 50 So. 56; McDonald v. Cawthorn, 152 Ala. 357, 44 So. 395; Dunklin v. Wilson, 64 Ala. 162; Rice v. Tobias, 89 Ala. 214, 7 So. 765.

■ In response to the rule nisi issued by the Court of Appeals, Judge Reid, in

his answer, states the facts upon which his conclusion was based. The facts so found and stated by the respondent judge support fully his conclusion that Gantt, upon whom the sheriff of Covington County served the summons and complaint, issued in the suit of The New Home Sewing Machine Company v. Benson & Company, Corporation, defendant, was not in fact, at that time, the secretary of said corporation defendant, nor such an agent as Section 9421 of the Code authorized service upon to bring the said defendant into court, and further support the conclusion of the respondent judge that the defendant had a meritorious defense to the action, which the defendant was prevented from making by reason of surprise, accident, or mistake, without fault on the part of the defendant. This answer is not controverted by any pleading filed here by the petitioner for mandamus, but this petitioner insists that the evidence given on the hearing of the petition for rehearing in the circuit court did not warrant, or justify, such a conclusion by the trial judge. Irrespective of whether the answer of the respondent judge is to be taken and treated as conclusive, inasmuch as it has not been controverted by any pleading here filed, it is sufficient to observe that we have carefully read the evidence which was before the respondent judge, and which was given ore tenus, and as a result of our consideration of such evidence, we find ourselves in accord with the finding of the respondent judge.

For the foregoing reasons the petition for mandamus must be denied.

Moreover, the judgment by default entered in said cause in the circuit court was, on the face of the record, erroneous. It appears that the sheriff's return on the summons and complaint is as follows: "Executed this 29th day of June, 1938, by leaving a copy of the within summons and complaint with Worth Gantt as Secretary for Benson & Company, a corporation, defendant."

This return does not show, or purport to state, that the said Worth Gantt was, in fact, at the time of the said service upon him the secretary of the defendant. Without proof of the fact that said Worth Gantt was at the time of the service of the summons and complaint the secretary of said defendant, to be shown in the judgment entry, the judgment by default was erroneous. Had the sheriff's return recited this fact, it would have supported the judgment by default. Code, § 9421; Palatine Ins. Co. v. Hill, 219 Ala. 123, 121 So. 412; Cain, Wolcott & Rankin v. Firemen's Fund Ins. Co., 225 Ala. 44, 141 So. 686.

Mandamus denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.